1 | YURI MIKULKA (SBN 185926)
*ymikulka@ztllp.com*
2 | LAURA D. CASTNER (SBN 172362)
*lcastner@ztllp.com*
3 | **ZUBER & TAILLIEU LLP**
10866 Wilshire Boulevard, Suite 300
4 | Los Angeles, California 90024
Telephone: (310) 807-9700
5 | Facsimile: (310) 807-9701

6 | Attorneys for Plaintiff NEWEGG INC.

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10 | CV10-01907 CHK (FFMk)

11 | NEWEGG INC., a Delaware
Corporation,

12 | CASE NO.

   Plaintiff,

13 | **COMPLAINT FOR:**

14 | v.

   | **(1) Trademark Infringement Under
   15 U.S.C. §1114(1);**

15 | CHEGG INC., a Delaware Corporation;
and DOES 1-10, inclusive,

   | **(2) False Designation Of Origin And
   Unfair Competition Under The
   Lanham Act, 15 U.S.C. §1125(A);**

16 | Defendants.

17 | **(3) Trademark Dilution Under the
   Lanham Act, 15 U.S.C. §1125(C);**

18 | **(4) Trade Dress Infringement Under
   the Lanham Act 15 U.S.C. §1125(A);**

19 |

20 | **(5) Trademark Infringement In
   Violation Of California Common
   Law;**

21 | **(6) Trademark Dilution In Violation
   of Cal. Bus. And Prof. Code §14200,
   et seq., And California Common
   Law;**

22 |

23 |

24 | **(7) Unfair Competition In Violation
   of Cal. Bus. And Prof. Code §17200;
   And**

25 |

26 | **(8) Unfair Competition Under
   California Common Law**

27 |

   | **[DEMAND FOR TRIAL BY JURY]**

28 |

1312-1004 / 118592.2

1       Plaintiff Newegg Inc. ("Newegg"), by and through its counsel, Zuber &

2 Taillieu LLP, for its complaint against Defendant Chegg Inc. ("Chegg" or

3 "Defendant") alleges as follows:

4                       **NATURE OF THE ACTION AND RELIEF SOUGHT**

5       1.      This action concerns the misappropriation of Newegg's rights to

6 its famous "NEWEGG" service mark (Registration No. 3,383,264), "NEWEGG

7 MALL" service mark and logo (Registration Nos. 3,473,139 and 3,592,385),

8 Newegg's egg logo (as reflected in Registration No. 2,892,236), and Newegg's trade

9 dress (collectively, the "NEWEGG Marks"). This misappropriation is a blatant

10 effort by Chegg to trade on the benefit of the well-established and famous

11 NEWEGG Marks, in direct violation of the Lanham Act and California law.

12       2.      In particular, Defendant attempts to attract customers and to

13 direct traffic to its website, using the NEWEGG Marks to mislead potential

14 customers. At least one consumer has commented on a public online forum that

15 "Chegg" appeared to be a "ripoff" of "Newegg."

16 (http://www.fatwallet.com/forums/hot-deals/725652.)

17       3.      Recent press reports relate that Chegg has raised more than

18 $160 million since its founding in 2005. In addition to $57 million in recent venture

19 funding, Chegg.com secured a $25 million credit facility, as well as a $30 million

20 debt facility from venture debt providers.

21 (http://blogs.wsj.com/digits/2009/11/19/cheggcom-raises-57-million-in-new-

22 venture-funding/tab/article/)

23       4.      Buoyed by such financing, Chegg has launched a massive

24 television, radio and Internet advertising campaign, featuring an animated video

25 ad(s), and other media (the "Infringing Campaign") that further infringe the

26 NEWEGG Marks.

27       5.      In light of Chegg's blatant and willful infringement and

28 opportunistic behavior at Newegg's expense, Newegg has no choice but to file this

1  lawsuit seeking injunctive relief and damages that it has suffered as a result of

2  Chegg's (a) unauthorized use of the NEWEGG Marks under the Lanham Act, 15

3  U.S.C. § 1114(1); (b) false designation of origin and unfair competition under the

4  Lanham Act, 15 U.S.C. § 1125(a); (c) trademark dilution under the Lanham Act, 15

5  U.S.C. § 1125(c); (d) trade dress infringement pursuant to 15 U.S.C. §1125(a); (e)

6  trademark infringement in violation of California common law; (f) trademark

7  dilution in violation of Cal. Bus. & Prof. Code §14200 *et seq.* and California

8  common law; (g) unfair competition in violation of Cal. Bus. and Prof. Code §

9  17200; and (h) unfair competition under California common law.

10         6.      The injunctive relief sought includes, but is not limited to,

11  enjoining Chegg from the use of the NEWEGG Marks, including without limitation

12  the Newegg egg logo, and distinctive trade dress, and/or any colorable imitation(s)

13  thereof, on any of Chegg's advertisements, including on the radio, television, or on

14  Chegg's Website and elsewhere, in connection with the sale or rental of goods or

15  services, or in any other manner that would infringe the NEWEGG Marks.

16         7.      Newegg is also seeking relief in an amount to be proven for (1)

17  lost revenues; (2) corrective advertising; (3) a reasonable license; and (4) damage to

18  the NEWEGG Marks due to Defendant's unauthorized use.  Newegg also seeks

19  treble damages and attorneys' fees and costs, where applicable, including under the

20  Lanham Act, 15 U.S.C. § 1117(b).

21                                    **PARTIES**

22         8.      Newegg is a corporation organized and existing under the laws

23  of the State of Delaware with its principal place of business in the City of Industry,

24  California.

25         9.      Newegg is informed and believes and based thereon alleges that

26  Defendant is a corporation organized and existing under the laws of the State of

27  Delaware with its principal place of business in the City of Santa Clara, California.

28

1312-1004 / 118592.2

3
COMPLAINT

## JURISDICTION AND VENUE

10.    Through this action, Newegg asserts claims against Chegg arising under the Trademark Act of 1946, as amended, 15 U.S.C. 1051 *et seq.*, Cal. Bus. & Prof. Code §14200 *et seq.*, Cal. Bus. & Prof. Code §17200 *et seq.*, and California common law.

11.    This Court has original subject matter jurisdiction over Newegg's federal claims pursuant to 28 U.S.C. §1331, 1332 and 1338(a) and (b), and supplemental subject matter jurisdiction over Newegg's state law claims pursuant to 28 U.S.C. 1367(a).

12.    This Court has specific personal jurisdiction over Defendant as it has purposefully committed, within the State of California, the acts from which these claims arise and/or has committed tortious acts outside California, knowing and intending that such acts would cause injury within the state.  The Court also has general personal jurisdiction over Defendant as it conducts continuous, systematic, and routine business within the State of California and the County of Los Angeles.

13.    Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§1391(b) and 1391(c).

## FEDERAL REGISTRATIONS FOR THE NEWEGG MARKS

14.    Newegg is the owner of registered service mark NEWEGG on the Principal Register of the U.S. Patent and Trademark Office, No. 3,383,264, for online retail store services in the field of computer software, computer hardware and consumer electronics.  The mark NEWEGG was registered on February 12, 2008, and first used in commerce on January 2, 2001.  A true and correct copy of the service mark registration is attached hereto as Exhibit A.

15.    Newegg is the owner of registered service mark  on the Principal Register of the U.S. Patent and Trademark Office, No. 2,892,236, for an online retail store featuring consumer computer hardware products.  The mark NEWEGG.COM was registered on October 12, 2004, and first used in commerce on

1  July 26, 2000.  A true and correct copy of the service mark registration is attached
2  hereto as Exhibit B.

3          16.    Newegg is the owner of registered mark      **Neweggmall**
4  on the Principal Register of the U.S. Patent and Trademark Office, No. 3,592,385,
5  for an online marketplace for goods and services.  The colors red, blue, orange,
6  white and gray are claimed as a feature of the mark.  The mark NEWEGGMALL
7  was registered on March 17, 2009, and first used in commerce on April 21, 2008.  A
8  true and correct copy of the service mark registration is attached hereto as Exhibit C.

9          17.    Newegg is the owner of the registered service mark NEWEGG
10  MALL on the Principal Register of the U.S. Patent and Trademark Office, No.
11  3,473,139, for an online marketplace for goods and services.  The mark NEWEGG
12  MALL was registered on July 22, 2008, and first used in commerce on May 27,
13  2008.  A true and correct copy of the service mark registration is attached hereto as
14  Exhibit D.

15          18.    In addition, Newegg currently has several other registered
16  marks, as well as trademark applications pending before the U.S. Patent and
17  Trademark Office, incorporating Newegg's egg logo.

18          19.    Since long before the acts of Defendant alleged herein, Newegg
19  has continuously used a trade dress consisting of distinctive features, including the
20  egg logo, the egg logo featuring orange, white and gray shading, and an orange,
21  white, and blue color scheme, which Newegg has prominently featured on its
22  website and print and Internet advertising.

23          20.    Newegg's website, www.Newegg.com, was established in
24  2001.  Newegg.com prominently features a distinctive orange, white and blue color
25  scheme, with the word "Newegg.com" in blue with Newegg's white-orange-and-
26  white and gray shaded egg logo.  The banners and buttons on Newegg's website
27  also feature the orange and blue colors in Newegg's distinctive color scheme.

28

1    21.    Newegg's trade dress and its distinctive features are non-

2 functional and are widely recognized by the consuming public of the United States

3 with Newegg as the source of origin.

4    22.    As further discussed below, since long before the acts of

5 Defendant alleged herein, the general consuming public has recognized the

6 NEWEGG Marks with Newegg as the source of origin, and the NEWEGG Marks

7 have acquired secondary meaning in the marketplace.

8    **THE NEWEGG MARKS AND COMPANY PHILOSOPHY**

9    23.    An egg is a symbol of birth and unlimited potential.  The

10 founders of Newegg selected "Newegg" as the company name and egg logo to

11 signify new hope for e-commerce during a period when e-commerce businesses

12 were struggling to remain in existence.

13    24.    Newegg was founded in 2001 with one overarching principle in

14 mind:  Make the customers happy and they will come back.  To achieve this goal,

15 Newegg has been committed to becoming the most loved and trusted marketplace

16 on the web by offering an unsurpassed shopping experience, rapid delivery and

17 stellar customer service.

18    25.    Newegg has succeeded in its endeavor.  As a result of its

19 outstanding performance, Newegg has become one of the most recognized retail and

20 ecommerce businesses in the United States, and consumers have come to place a

21 great deal of trust and respect in the Newegg name and the NEWEGG Marks.

22    26.    Newegg is an industry leader in many respects.  Based on net

23 sales in 2008, Newegg is rated the second-largest only-online retailer in the United

24 States, according to the 2009 Internet Retailer's Top 500 Guide.  Newegg's sales

25 were roughly over $2.1 billion in 2008 and roughly over $2.3 billion in 2009.

26 Helping the company achieve that result is a network of over 14 million registered

27 users on Newegg's website.  In fact, Newegg is so appreciated by its customers that

28 over 76 percent of its U.S. business is generated by return customers.

27. From an inventory perspective, Newegg.com and Neweggmall.com offer nearly 40,000 products in stock and useful tools to help consumers make informed buying decisions. As such, Newegg's customers can shop for a comprehensive selection of goods (including but not limited to the latest consumer electronic and high-tech products, videogames, books, and other vast array of consumer goods), as well as view detailed product descriptions, pictures, how-to information and customer reviews, and interact with other online shoppers.

28. Newegg has received nationwide recognition from consumers and third party rating and ranking organizations. Newegg has received the Computer Shoppers' Choice Award yearly between 2003 and 2009; the BizRate Gold Honoree award in 2005 and 2008, as well as the BizRate Circle of Excellence Award in 2003 and 2004; has been featured in Forbes as "Best on the Web"; and has received the *Inc. Magazine* 500 and 5000 awards. Newegg has also received the following recent accolades from industry and consumer critics:

(a) Number 1 in Customer Satisfaction of all Internet retailers - ACSI survey by University of Michigan and ForeSee Results (February, 2009).

(b) Voted "Overall Best Place to Buy Online" for 5th year in a row; "Best Place to Buy": Desktops, Notebooks, Software, Peripherals, and Components - Computer Shopper Magazine and ComputerShopper.com (February, 2010).

(c) Number 6 in Customer Service nationwide - NRF Foundation/American Express 2008 Awards (January, 2009). This was ahead of companies that are legendary for customer service, like Nordstrom.

(d) In Top 10 US Online Retailers - Internet Retailer Rankings (2007, 2008).

(e) Number 6 in customer satisfaction among online retailers - Foresee Online Satisfaction Index (2008).

(f) Number 1 in Response Time and Consistency, Number 4 in Availability - Gomez.com Business Process Benchmark (October 31, 2007).

(g) Number 1 in Top 10 Best Online Shopping Sites for Women-Getting an Early Start on Cyber Monday - www.sheknows.com (November 21, 2007).

29.     Newegg's customers have come to equate the NEWEGG Marks with a superior online shopping experience, timely and accurate product fulfillment, and  superlative customer service.

## NEWEGG'S CONSUMERS

30.     To achieve its extraordinary e-commerce success, since its inception in 2001, Newegg has expended considerable effort and a substantial sum of money developing, branding, advertising, and marketing nationwide its services using the NEWEGG Marks.  As a result, Newegg's consumers have come to identify the NEWEGG Marks with Newegg and its exceptional services and quality.

31.     Newegg's target consumers include college-age consumers between the ages of eighteen (18) and twenty-four (24) years old, and Newegg has expended significant efforts and resources marketing to these consumers.  Newegg's extensive marketing and advertising campaigns targeted at college-age consumers include the use of:

(A) written/printed/on-line publications, including advertisements in college newspapers and on-line newsletters;

(B) marketing/advertising literature distributed on college campuses;

(C) television advertising targeted to college-age consumers;

(D)  promotional giveaways at college campuses including backpacks, stickers, t-shirts, hats, mousepads and automobile license plate holders;

(E)  Internet advertising;

(F)  social media branding including on Myspace, Facebook, Twitter, and YouTube; and

(G)  college marketing activities via visits by Newegg personnel to college campuses, traveling at times in an orange van or truck.

32.    Newegg has annually targeted back-to-school season with: (1) back-to-school bargains; (2) back-to-school sales; (3) back-to-school sweepstakes; and (4) backpack bargains.

33.    In addition, to garner and develop student excitement and brand loyalty for Newegg's services, Newegg has offered the "Eggstreme Campus Challenge," a contest that asks participants to submit videos that answer the question, "What would YOU do with the money you save by shopping at Newegg?"

34.    In total, during 2008, Newegg spent over $21 million on advertising. Much, if not all, of the advertising incorporates the NEWEGG Marks.

## THE PREVALENCE OF THE NEWEGG MARKS IN THE MEDIA AND THE BLOGOSPHERE

35.    The NEWEGG Marks are famous and are widely recognized by the general consuming public of the United States with Newegg as the source of origin.

36.    Thousands of newspapers, magazines, online magazines, and blogs around the world have touted Newegg's products and services, and have related those comments to the NEWEGG Marks.

37.    A quick search on Google for "Newegg" returns over 8,300,000 results—all of which establish a connection between the NEWEGG Marks and Newegg.

1    38.    Newegg has over 14 million registered website users, 260,000
2  fans on Facebook, and 15,000 followers on Twitter.com.  Newegg's Facebook fans
3  rave about Newegg's prices, fast shipping, service and reliability.

4    39.    A typical blog entry states "Their motto, 'Once You Know, You
5  Newegg' is pretty accurate.  Once you experience Newegg, they will always be your
6  first choice."  (http://xenomorph.net/newegg/.)

7    40.    Newegg, its egg logo, and the NEWEGG Marks have become
8  synonymous with high quality customer service in the online retail world, and have
9  acquired secondary meaning in the marketplace.

10                      **CHEGG'S BUSINESS**

11    41.    Newegg is informed and believes and based thereon alleges that
12  Chegg is an online-only e-commerce company which owns and operates the website
13  www.Chegg.com.

14    42.    Newegg is informed and believes and based thereon alleges that
15  Chegg's founders originally modeled the company as a quasi "Craigslist," the
16  popular online website for classified ads, and named it "Cheggpost.com."  Newegg
17  is informed and believes and based thereon alleges that Chegg initially intended to
18  offer Craigslist-type classified services, e.g. for housing, computers, services,
19  equipment, personals, textbook sales, and jobs.

20    43.    Newegg is informed and believes and based thereon alleges that
21  in 2005, Chegg's founders formally launched Chegg, Inc.

22    44.    Newegg is informed and believes and based thereon alleges that
23  in summer of 2007, the founders repositioned the company similarly to the online
24  movie rental giant, Netflix, and launched "textbookflix.com".  Newegg is informed
25  and believes and based thereon alleges that in 2007, Chegg changed the name
26  "textbookflix.com" to "Chegg.com."

27    45.    Newegg is informed and believes and based thereon alleges that
28  Chegg presently offers textbook rentals on its website.  Goods which Chegg.com

1  has also offered for sale or rental include computer equipment and accessories,

2  gaming equipment, and personal and consumer electronics, such as Nintendo Wii

3  gaming consoles, iPods, webcams, high-end blenders, flashdrives, and cameras.

4      46.    Newegg is informed and believes and based thereon alleges that

5  in or about February 2010, Chegg hired Dan Rosensweig, formerly Chief Executive

6  Officer of Activision Blizzard, Inc., a worldwide online PC and console game

7  publisher, as its new Chief Executive Officer, and partnered with GameFly, a

8  company that rents videogames through the mail and online using a Netflix-like

9  business model.

10     47.    Newegg is informed and believes and based thereon alleges that

11  in 2009, Chegg's revenues for the month of January alone were $10 million.

12     48.    Newegg is informed and believes and based thereon alleges that

13  Chegg markets to college-age consumers nationwide, including at over 4,000

14  college campuses, using marketing methods tailored to college-age consumers that

15  strikingly resemble marketing methods used by Newegg, including customer video

16  contests, campus giveaways, social media branding, campus visits by personnel and

17  an egg mascot traveling in an orange bus.

18     49.    Newegg is informed and believes and based thereon alleges that

19  Chegg has recently embarked on an aggressive media campaign that will feature the

20  newly introduced orange/white/gray shaded egg logo combined with the orange,

21  white and blue color scheme.  The media blitz has included an animated video

22  advertisement campaign for television, radio and online.  Chegg has purchased spots

23  in 31 college markets on network and cable television, as well as on popular online

24  media sites such as Hulu.com and YouTube.com.  Moreover, Chegg has and

25  continues to advertise on popular Internet service providers such as Google, Yahoo,

26  Bing, and other popular websites.

27     50.    Newegg is informed and believes that Chegg's service, while

28  appealing to cost-conscious college students, falls well short of the mark on delivery

1   and service.  For example, Chegg's page on Twitter contains numerous complaints
2   by college students who have not received their textbooks ordered from Chegg, and
3   discussing Chegg's poor customer service.

## CHEGG'S INFRINGEMENT OF THE NEWEGG MARKS

5        51.     Despite Newegg's prior use of its trademarks, including in
6   connection with its own website, Chegg has intentionally, deliberately and
7   purposefully adopted, registered and used confusingly similar marks and trade dress
8   in its advertising and branding in connection with its online service.

9        52.     Deliberately using another company's similar marks is not new
10   to Chegg, as it has openly acknowledged that it has in the past modeled itself after
11   Craigslist and then after Netflix.

12        53.     As recently as the summer of 2007, Chegg named and operated
13   its website as "textbookflix.com" which appears clearly intended to suggest a
14   connection to the online movie rental giant Netflix.  Originality in name and design
15   does not seem to be one of Chegg's competitive advantages.

16        54.     Newegg is informed and believes and based thereon alleges that
17   Chegg is the owner of the Chegg egg logo registered with the U.S. Patent and
18   Trademark Office, No. 3,749,771, depicting an egg with chicken feet and beak, for
19   use in an online marketplace for featuring textbooks.  The mark was registered on
20   *February 16, 2010*, with a date of first use in commerce of *July 16, 2009*.

21        55.     Newegg is informed and believes and based thereon alleges that
22   Chegg is the owner of the word mark CHEGG, registered with the U.S. Patent and
23   Trademark Office, No. 3,191,844, for providing on-line forums and discussion
24   groups as part of a social network of friends, students or the public concerning
25   classified listings and listings for textbooks, automobiles, garage or moving sales,
26   auctions, wish lists, campus activities, announcements, events, classes, meetings,
27   activities, housing, real estate, roommates, rentals, for sale advertisements, want ads,
28   employment, resumes, volunteerism, services, community, personals, politics,

1  family, arts and information on a wide variety of topics of general interest to
2  students and the public concerning commerce, products, activities, health, family,
3  arts, politics, leisure, romance, work, and electronic mail services. The mark was
4  registered on January 2, 2007, with a date of first use in commerce of January 5,
5  2006.

6       56.    Newegg is informed and believes and based thereon alleges that
7  until recently, Chegg used the image of a chicken as its mascot. On or after July 16,
8  2009, Chegg abandoned its chicken mascot and logo and began using an egg logo
9  with the orange-white-gray color scheme on its website, Internet advertisements and
10  other marketing materials. Chegg engaged in this conduct in a deliberate and
11  intentional effort to capitalize and ride on the coattails of Newegg's success and the
12  brand recognition associated with the NEWEGG Marks.

13       57.    Chegg's hasty abandonment of its former domain name,
14  www.textbookflix.com, which is similar to another well-established website,
15  www.Netflix.com, demonstrates its knowledge and awareness of the intellectual
16  property rights of others.

17       58.    Likewise, Chegg's change of its name and recent adoption of
18  the egg logo and a trade dress similar to those of Newegg's follows the
19  extraordinary business success at Newegg, another leading e-commerce business.
20  Such use of confusingly similar marks, logo and trade dress by Chegg demonstrates
21  that Chegg acted to intentionally, deliberately and purposefully infringe upon the
22  NEWEGG Marks.

23       59.    Newegg is informed and believes and based thereon alleges that
24  Chegg has no current application or registration for an orange, blue and white color
25  scheme. Chegg's orange, blue and white color scheme infringes upon Newegg's
26  distinctive trade dress that includes the egg logo combined with the orange, blue and
27  white color scheme, which is a feature of Newegg's registered mark
28  NEWEGGMALL.

1312-1004 / 118592.2

13

1         60.     Newegg is informed and believes and based thereon alleges that
2 Chegg's website displays the word CHEGG on the upper-left hand corner in red and
3 prominently displays the egg logo on the left side of the webpage. It also uses a
4 color scheme virtually identical to that of Newegg – orange, blue and white. A
5 screen shot of the Chegg website is as follows:



12         61.     Chegg's recent Internet banner advertising on major Internet
13 service providers also incorporates the Chegg name and orange/white/gray shaded
14 egg. A screen shot of Chegg Internet advertising banner on Yahoo is as follows:



18         62.     Chegg has deliberately changed the features of its website,
19 Internet advertising and marketing materials within the last few months to use the
20 confusingly similar marks and the orange-white-gray shaded egg logo, combined
21 with the orange, white and blue color scheme, to create a look and feel of, and to
22 trade on the brand recognition and the good will associated with, the well-
23 recognized Newegg trade dress.

24                **CONSUMERS ARE LIKELY TO BE CONFUSED**

25         63.     Consumers who come into contact with Chegg's mark, egg
26 logo, and virtually identical color scheme are likely to be confused and are likely to
27 believe that Newegg has sold its interests to, or is affiliated in some way with,
28 Chegg.

1312-1004 / 118592.2

1        64.     Newegg's service marks are strong, famous, and have been

2  consistently used since 2001.  Based on the registration, the mark CHEGG has only

3  been used in commerce since 2006.  Both NEWEGG and CHEGG sound similar

4  because they end in "egg" and sound similar when pronounced.  A consumer is

5  likely to be confused as to the difference upon hearing both marks spoken aloud.  At

6  least one consumer publicly commented on a public website blog that "Chegg"

7  sounds like a "rip-off" of Newegg.  (http://www.fatwallet.com/forums/hot-

8  deals/725652.)

9        65.     Newegg has also consistently used its famous egg logo, and

10  various egg designs, in commerce since 2001.  Chegg's egg logo has only been used

11  since July 2009.  Both Newegg and Chegg use the egg shaped logo, but it was only

12  recently that Chegg switched from using a chicken logo to a confusingly similar

13  orange, white and gray shaded egg-shaped logo.  As a result, consumers are likely to

14  be confused that Newegg and Chegg are affiliated.

15        66.     Since 2001, Newegg has used its distinctive trade dress that

16  includes a combination of an orange, blue and white color scheme, in combination

17  with the orange, white and gray shaded egg logo, in connection with its website,

18  marketing materials, promotional giveaways, television branding, Internet

19  advertising and social media branding.  The orange, blue and white color scheme is

20  a feature of the mark NEWEGGMALL in Registration No. 3,592,385.

21        67.     Similarly, Chegg has used the orange, blue and white color

22  scheme in its branding, and in particular on its website.  The mark CHEGG and the

23  Chegg egg logo, however, do not feature color as part of the Registrations.  Only

24  within the past few months, Chegg's website began featuring an orange-white egg

25  logo with gray shading.  Because Newegg and Chegg use a combination of virtually

26  identical color schemes and an egg logo with the same orange and white colors and

27  gray shading, consumers are likely to be confused that Newegg must be affiliated

28  with Chegg.

68.     Chegg's CHEGG mark, egg logo, orange white and gray-shading, and orange, white and blue color scheme, are nearly identical to the NEWEGG Marks and trade dress.

69.     Both Newegg and Chegg target a substantially similar market of college-age consumers and marketing channels.  Both Newegg and Chegg provide services through an only-online format.  Newegg is informed and believes and based thereon alleges that Chegg has embarked on an aggressive media campaign using the mark CHEGG, egg logo and virtually identical color scheme, in marketing activities on college campuses, college networks and the online medium frequented by college-age consumers.  College-age consumers are likely to be confused that Newegg and Chegg are affiliated because of the confusingly similar marks, egg logo, and trade dress advertised through identical channels.

## CHEGG'S INFRINGEMENT HARMS NEWEGG

70.     At all relevant times that Chegg has adopted and used the infringing marks and trade dress, it has had full knowledge of the existence, promotion, extensive use and substantial value of the NEWEGG Marks.

71.     Upon information and belief, Chegg has used the confusingly similar word mark CHEGG ending in "egg," like NEWEGG ending in "egg," to associate itself with the Newegg brand.  A consumer has commented on a website blog that Chegg sounds like a "rip-off" of Newegg.

72.     Upon information and belief, Chegg has intentionally, deliberately and purposefully adopted the egg-shaped logo with the same color scheme and shading that is confusingly similar to the Newegg egg logo, for use in commerce, with the intent to appropriate the goodwill and value associated with the NEWEGG Marks resulting from Newegg's significant effort and expense.

73.     Upon information and belief, Chegg has attempted to increase traffic to its website by diverting users looking for Newegg's website.  Chegg's infringement of the NEWEGG Marks has caused actual confusion and is likely to

1 | continue to cause confusion in the future.

2 | 74. Newegg customers are and have been confused by Chegg's
3 | infringement of the NEWEGG Marks.

4 | 75. As a result of this confusion, Newegg's award-winning
5 | reputation for outstanding customer service is tarnished and consumers mistakenly
6 | form a negative opinion of Newegg when they visit Chegg's website, believing it to
7 | be Newegg's website or associated with Newegg, and are disappointed with
8 | Chegg's website content, fulfillment capabilities, and customer service.

9 | 76. As a result, these customers choose not to visit Newegg's
10 | website or to purchase from Newegg in the future, thereby depriving Newegg of
11 | good will and revenues and tarnishing and diluting the NEWEGG Marks.

12 | **FIRST CAUSE OF ACTION**
13 | **TRADEMARK INFRINGEMENT**
14 | (Section 43 of the Lanham Act, 15 U.S.C. §1114(1) Against All Defendants)

15 | 77. Newegg repeats and realleges each and every allegation
16 | contained in paragraphs 1 to 76, inclusive, of this Complaint and incorporates them
17 | by reference as though fully and completely set forth herein.

18 | 78. Newegg is the registered owner of the NEWEGG Marks.

19 | 79. By its aforesaid acts, Defendant has infringed and is likely to
20 | continue to infringe Newegg's substantial rights in the NEWEGG Marks in
21 | violation of 15 U.S.C. §1114.

22 | 80. Defendant's acts have been willful and in conscious disregard
23 | of the trademark rights of Newegg.

24 | 81. Newegg has been damaged by, and Defendant has profited
25 | from, Defendant's wrongful conduct in an amount to be proven at trial.

26 | 82. Newegg is entitled to damages and enhanced damages in
27 | amounts to be proved at trial.

28 |

1312-1004 / 118592.2

83.    Monetary relief alone is not adequate to address fully the irreparable injury that Defendant's illegal actions have caused and will continue to cause Newegg if not enjoined.  Newegg is therefore entitled to preliminary and permanent injunctive relief to stop Defendant's trademark infringement.

## SECOND CAUSE OF ACTION

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

(Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) Against All Defendants)

84.    Newegg repeats and realleges each and every allegation contained in paragraphs 1 to 76, inclusive, of this Complaint and incorporates them by reference as though fully and completely set forth herein.

85.    By its aforesaid acts, Defendant has knowingly and intentionally misrepresented and falsely designated to the public the source and origin of its products in violation of 15 U.S.C. §1125(a).

86.    Newegg has been damaged by, and Defendant has profited from, Defendant's wrongful conduct in an amount to be proven at trial.

87.    Newegg is entitled to damages and enhanced damages in amounts to be proved at trial.

88.    Monetary relief alone is not adequate to address fully the irreparable injury that Defendant's illegal actions have caused and will continue to cause Newegg if not enjoined.  Newegg is therefore entitled to preliminary and permanent injunctive relief to stop Defendant's wrongful conduct.

## THIRD CAUSE OF ACTION

## TRADEMARK DILUTION

(Section 43 of the Lanham Act, 15 U.S.C. §1125(c) Against All Defendants)

89.    Newegg repeats and realleges each and every allegation contained in paragraphs 1 to 76, inclusive, of this Complaint and incorporates them by reference as though fully and completely set forth herein.

1    90.    The NEWEGG Marks are famous and widely recognized by the
2    general consuming public of the United States with Newegg as the source of origin.

3    91.    Defendant's use of the nearly identical marks is commercial in
4    nature and began after the NEWEGG Marks became famous.

5    92.    Defendant willfully intended to trade on Newegg's reputation
6    and to dilute Newegg's famous NEWEGG Marks.

7    93.    Defendant's aforesaid acts constitute a violation of 15 U.S.C.
8    §1125(c), for which Newegg is entitled to injunctive relief.

9    94.    Because Defendant willfully intended to trade on Newegg's
10    reputation and/or dilute the NEWEGG Marks, Newegg is entitled to damages under
11    15 U.S.C. §1117.

12    **FOURTH CAUSE OF ACTION**

13    **TRADE DRESS INFRINGEMENT**

14    (Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) Against All Defendants)

15    95.    Newegg repeats and realleges each and every allegation
16    contained in paragraphs 1 to 76, inclusive, of this Complaint and incorporates them
17    by reference as though fully and completely set forth herein.

18    96.    Defendant has infringed upon Newegg's federal trademark
19    rights in its trade dress described above, in violation of Section 43 of the Lanham
20    Act 15 U.S.C. §1125(a).

21    97.    Defendant's acts have been willful and in conscious disregard
22    of the trademark rights of Newegg.

23    98.    Newegg has been damaged by, and Defendant has profited
24    from, Defendant's wrongful conduct in an amount to be proven at trial.

25    99.    Newegg is entitled to damages and enhanced damages in
26    amounts to be proved at trial.

27    100.    Monetary relief alone, however, is not adequate to address fully
28    the irreparable injury to Newegg that Defendant's illegal actions have caused and

1  will continue to cause if Defendant is not enjoined.  Newegg is therefore entitled to

2  preliminary and permanent injunctive relief to stop Defendant's trade dress

3  infringement.

### FIFTH CAUSE OF ACTION

### TRADEMARK INFRINGEMENT

6  (Trademark Infringement Under California Common Law Against All Defendants)

7          101.    Newegg repeats and realleges each and every allegation

8  contained in paragraphs 1 to 76, inclusive, of this Complaint and incorporates them

9  by reference as though fully and completely set forth herein.

10          102.    Newegg has developed substantial common law trademark

11  rights in the NEWEGG Marks under California law.

12          103.    By its aforesaid acts, Defendant has infringed the NEWEGG

13  Marks by using confusingly similar marks in commerce in the State of California in

14  a way that has caused and likely will continue to cause consumer confusion as to

15  Newegg's association with, affiliation with, or sponsorship of Defendant and its

16  service.

17          104.    Defendant's acts have been willful and in conscious disregard

18  of the trademark rights of Newegg.

19          105.    Newegg has been damaged by, and Defendant has profited

20  from, Defendant's wrongful conduct in an amount to be proven at trial.

21          106.    Newegg is entitled to damages and enhanced damages in

22  amounts to be proved at trial.

23          107.    Monetary relief alone, however, is not adequate to address fully

24  the irreparable injury that Defendant's illegal actions have caused and will continue

25  to cause Newegg if not enjoined.  Newegg is therefore entitled to preliminary and

26  permanent injunctive relief to stop Defendant's trademark infringement under

27  California common law.

28  / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIXTH CAUSE OF ACTION
## TRADEMARK DILUTION

(Trademark Dilution in Violation of Cal. Bus. & Prof. Code §14200, *et seq.*,
and California Common Law Against All Defendants)

108.   Newegg repeats and realleges each and every allegation contained in paragraphs 1 to 76, inclusive, of this Complaint and incorporates them by reference as though fully and completely set forth herein.

109.   By its aforesaid acts, Defendant has caused and likely will continue to cause dilution in the distinctive quality of the famous NEWEGG Marks and a reduction in value of Newegg's goodwill by destroying the exclusive association in the minds of the public generally, and including college-age consumers, thereby causing Newegg irreparable injury.  The said acts constitute a violation of California Business and Professions Code §14200, *et seq.*  Newegg has been damaged and has suffered, and will continue to suffer, immediate and irreparable injury for which it has no adequate remedy at law.

110.   Under California Business and Professions Code §14200, Newegg is therefore entitled to preliminary and permanent injunctive relief.

## SEVENTH CAUSE OF ACTION
## UNFAIR COMPETITION

(Unfair Competition in Violation of Cal. Bus. & Prof. Code §17200
Against All Defendants)

111.   Newegg repeats and realleges each and every allegation contained in paragraphs 1 to 76, inclusive, of this Complaint and incorporates them by reference as though fully and completely set forth herein.

112.   Defendant's aforesaid acts in using the famous NEWEGG Marks have deceived, misled and confused the public generally, and specifically college-age consumers, and will continue to do so if such use continues.

1    113.    Defendant has engaged in conduct in bad faith that constitutes
2  unfair, unlawful and fraudulent business practices within the meaning of California
3  Business and Professions Code §17200, causing harm and irreparable injury to
4  Newegg.

5    114.    Pursuant to California Business and Profession Code §17203,
6  Newegg is entitled to preliminary and permanent injunctive relief, whereby
7  Defendant is ordered to cease and desist from the wrongful conduct alleged herein.
8  misconduct.

9                    **EIGHTH CAUSE OF ACTION**
10                   **UNFAIR COMPETITION**
11    (Unfair Competition Under California Common Law Against All Defendants)

12    115.    Newegg repeats and realleges each and every allegation
13  contained in paragraphs 1 to 76, inclusive, of this Complaint and incorporates them
14  by reference as though fully and completely set forth herein.

15    116.    Defendant's use of the confusingly similar marks constitute
16  deception, passing off and infringement of the NEWEGG Marks, and creates
17  consumer confusion.

18    117.    Defendant has engaged in conduct in bad faith that constitutes
19  unfair, unlawful and fraudulent business practices under the common law of the
20  State of California, causing harm and irreparable injury to Newegg.

21    118.    Newegg has no adequate remedy at law to address fully this
22  irreparable injury that Defendant's illegal actions have caused and will continue to
23  cause Newegg if not enjoined.  Newegg is therefore entitled to preliminary and
24  permanent injunctive relief to stop Defendant's ongoing misconduct.

25
26
27
28

1312-1004 / 118592.2

# PRAYER FOR RELIEF

WHEREFORE, Newegg prays for judgment as follows:

1.    That Defendant, and its agents, servants and employees and all persons acting in concert with them be restrained and enjoined preliminarily and permanently from directly or indirectly:

   (a)    Using the Chegg egg logo, or any logo or mark that is confusingly similar to the NEWEGG Marks or any colorable imitation or variation thereof, in connection with its business affairs;

   (b)    Using the orange, blue and white color scheme in combination with the egg logo, or a trade dress that is confusingly similar to the Newegg trade dress or any colorable imitation or variation thereof, in connection with its business affairs;

   (c)    Committing any other acts likely to infringe or dilute the NEWEGG Marks;

2.    That all of Defendant's stationery, printed forms, advertising and other materials bearing the Chegg egg logo or any other marks, including the orange, blue and white color scheme, that are confusingly similar to the NEWEGG Marks or any colorable imitation or variation thereof, be delivered up and destroyed;

3.    That Newegg recover all of its actual damages;

4.    That Newegg recover all profits derived by Defendant from its acts of federal and state trademark infringement, trade dress infringement, false designation of origin, dilution, and unfair competition;

5.    That Newegg recover its costs in this action and its reasonable attorneys' fees;

6.    That Newegg recover enhanced damages for willful infringement, including the trebling of Defendant's profits and Newegg's actual damages;

7.    That Newegg recover interest and costs of suit incurred in this action as authorized by law; and

1    8.    That the Court award such other and further relief as it deems just and

2    proper.

3

4    Dated: March 16, 2010                    Respectfully submitted:

5
                                             **ZUBER & TAILLIEU LLP**
6                                            YURI MIKULKA
                                             LAURA D. CASTNER
7

8

9                                            By: _____

10                                               Attorneys for Plaintiff NEWEGG INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                               **DEMAND FOR JURY TRIAL**

2         Plaintiff NEWEGG INC. hereby demands trial by jury on all causes of action

3 to which it is so entitled.

4

5 Dated: March /6, 2010                   Respectfully submitted:

6

7                                 **ZUBER & TAILLIEU LLP**
                                YURI MIKULKA

8                                 LAURA D. CASTNER

9

10                      By:

11                         Attorneys for Plaintiff NEWEGG INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

Int. Cl.: 35

Prior U.S. Cls.: 100, 101, and 102

**United States Patent and Trademark Office**

Reg. No. 3,383,264

Registered Feb. 12, 2008

## SERVICE MARK
## PRINCIPAL REGISTER

# NEWEGG

NEWEGG INC. (DELAWARE CORPORATION)
16839 EAST GALE AVENUE
CITY OF INDUSTRY, CA 91745

FOR: COMPUTERIZED ON-LINE RETAIL STORE SERVICES IN THE FIELD OF COMPUTER SOFTWARE, COMPUTER HARDWARE, COMPUTER PERIPHERALS, TELEVISIONS, CAMERAS, DVDS, COMPUTER GAME CONSOLES AND GAMES, GPS RECEIVERS, SATELLITE RADIO RECEIVERS, HOME THEATER EQUIPMENT, OFFICE EQUIPMENT, ELECTRONIC GADGETS, MOBILE ELECTRONICS, TELEPHONES AND OTHER COMMUNICATION DEVICES, MP3 PLAYERS, HOME APPLIANCES, AND ALL ACCESSORIES RELATED THERETO; ON-LINE RETAIL STORE SERVICES FEATURING COMPUTER SOFTWARE, COMPUTER HARDWARE, COMPUTER PERIPHERALS, TELEVISIONS, CAMERAS, DVDS, COMPUTER GAME CONSOLES AND GAMES, GPS RECEIVERS, SATELLITE RADIO RECEIVERS, HOME THEATER EQUIPMENT, OFFICE EQUIPMENT, ELECTRONIC GADGETS, MOBILE ELECTRONICS, TELEPHONES AND OTHER COMMUNICATION DEVICES, MP3 PLAYERS, HOME APPLIANCES, AND ALL ACCESSORIES RELATED THERETO, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-2-2001; IN COMMERCE 1-2-2001.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,892,236.

SN 78-915,823, FILED 6-23-2006.

INGA ERVIN, EXAMINING ATTORNEY

Exhibit No. ___A___

Page ___1___ of ___1___

# Exhibit B

**Int. Cl.: 35**

**Prior U.S. Cls.: 100, 101 and 102**

**United States Patent and Trademark Office**

**Reg. No. 2,892,236**

Registered Oct. 12, 2004

### SERVICE MARK
### PRINCIPAL REGISTER



ABS COMPUTER TECHNOLOGY (CALIFORNIA
    CORPORATION)
9997 E. ROSE HILLS RD.
WHITTIER, CA 90601

    FOR: ONLINE RETAIL STORE FEATURING
COMPUTER HARDWARE PRODUCTS, IN CLASS
35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 7-26-2000; IN COMMERCE 7-26-2000.

SER. NO. 76-194,750, FILED 1-16-2001.

ALICE BENMAMAN, EXAMINING ATTORNEY

Exhibit No. _B_
Page _1_ of _1_

Exhibit C

Int. Cl.: 35

Prior U.S. Cls.: 100, 101, and 102

## United States Patent and Trademark Office

Reg. No. 3,592,385
Registered Mar. 17, 2009

## SERVICE MARK
## PRINCIPAL REGISTER



NEWEGG INC. (DELAWARE CORPORATION)
16839 EAST GALE AVENUE
CITY OF INDUSTRY, CA 91745

FOR: OPERATING AN ONLINE MARKETPLACE FOR THE SELLERS OF GOODS AND SERVICES WHICH PROVIDES CUSTOMERS AND MERCHANTS WITH AN E-COMMERCE PORTAL FOR SHOPPING PURPOSES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-21-2008; IN COMMERCE 4-21-2008.

OWNER OF U.S. REG. NOS. 2,892,236, 3,138,233, AND 3,383,264.

THE COLOR(S) RED, BLUE, ORANGE, WHITE, AND GREY IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE WORDS "NEW" IN RED, "EGG" IN BLUE, AND "MALL" IN ORANGE, ALL OF THE WORDS BEING TRIMMED IN THE COLOR GREY, WITH THREE EGGS ABOVE THE WORDS, WITH THE FIRST AND THIRD EGG IN WHITE TRIMMED IN GREY AND THE SECOND EGG IN ORANGE.

SN 77-320,505, FILED 11-2-2007.

VERNA BETH RIRIE, EXAMINING ATTORNEY

Exhibit No. _____

Page __/__ of __/__

# Exhibit D

Int. Cl.: 35

Prior U.S. Cls.: 100, 101, and 102

## United States Patent and Trademark Office

Reg. No. 3,473,139

Registered July 22, 2008

## SERVICE MARK
## PRINCIPAL REGISTER

# NEWEGG MALL

NEWEGG INC. (DELAWARE CORPORATION)
16839 EAST GALE AVENUE
CITY OF INDUSTRY, CA 91745

FOR: ONLINE MARKETPLACE WHICH PRO-VIDES CUSTOMERS AND MERCHANTS WITH E-COMMERCE SHOPPING SERVICES IN THE NAT-URE OF AN ONLINE SHOPPING MALL WITH LINKS TO THE RETAIL WEBSITES OF THIRD-PARTY MERCHANTS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 5-27-2008; IN COMMERCE 5-27-2008.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,892,236.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MALL", APART FROM THE MARK AS SHOWN.

SN 77-124,920, FILED 3-7-2007.

JUDITH HELFMAN, EXAMINING ATTORNEY

Exhibit No. ___D___
Page __1__ of __1__