FILED

2010 APR 14 PM 3: 20

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

ILANA S. RUBEL (CSB NO. 221517)
irubel@fenwick.com
ERIC BALL (CSB NO. 241327)
eball@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:  (650) 988-8500
Facsimile:   (650) 938-5200

Attorneys for Defendant
CHEGG INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA,

LOS ANGELES DIVISION

| | |
|---|---|
| NEWEGG INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHEGG INC., a Delaware Corporation,<br><br>Defendant. | Case No. CV 10-1907-GHK (FFMx)<br><br>**DEFENDANT CHEGG INC.'S COUNTERCLAIMS AGAINST NEWEGG INC.**<br><br>**JURY TRIAL DEMANDED** |
| CHEGG INC., a Delaware Corporation,<br><br>Counterclaimant,<br><br>v.<br><br>NEWEGG INC., a Delaware Corporation,<br><br>Counter-defendant. | |

Without waiving any of its defenses concerning jurisdiction and venue, Defendant and counterclaimant Chegg Inc. ("Chegg") respectfully alleges its counterclaims against Plaintiff and counterclaim-defendant Newegg Inc ("Newegg") as follows:

## NATURE OF ACTION AND RELIEF SOUGHT

1. This is an action for declaratory judgment seeking, among other relief, a declaration under the Federal Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, that: (i) Chegg has not infringed upon any valid and enforceable trademark or service mark of Newegg; (ii) Chegg has not diluted any valid and enforceable trademark or service mark of Newegg; (iii) Chegg has not committed any acts of unfair competition; and (iv) the NEWEGG Marks and Newegg's trade dress alleged in Newegg's Complaint are invalid and unenforceable.

## PARTIES

2. Chegg is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Santa Clara, California.

3. According to Paragraph 8 of the Complaint, Newegg is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the City of Industry, California.

## JURISDICTION AND VENUE

4. This action arises under the Trademark Laws of the United States (15 U.S.C § 1051, *et seq.*), state trademark, dilution and unfair competition law, and the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

5. This Court has personal jurisdiction over Newegg because Newegg conducts business within this judicial district.

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121, and under the Federal Declaratory Judgment Act, for the purpose of granting the declaratory relief sought herein.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because: (i) a substantial portion of the events giving rise to this action occurred in this judicial district; and/or

(ii) Newegg does business, may be found, and is subject to personal jurisdiction, in this judicial district.

**CHEGG'S BUSINESS AND TRADEMARKS, TRADENAME AND TRADE DRESS**

8. Beginning in 2001, Chegg has continuously used the CHEGG mark to refer to its goods and services. In 2005, Chegg was incorporated in Delaware as Chegg Inc. In 2007, Chegg began offering textbook rentals for college students. Today, Chegg is the number one provider of textbook rentals. Chegg's unmatched services give students access to 4.2 million textbook titles from its online catalog, lightning fast shipping and free returns.

9. Chegg's textbook rental service is the vision of two young entrepreneurs from the Midwest, Osman Rashid and Aayush Phumbhra. They started the service because they passionately believed that there was a smarter, more economical model than buying expensive college textbooks. It's called renting.

10. Chegg has grown into a respected and trusted brand used by college students on campuses nationwide. Students who rent all their textbooks from Chegg can save, on average, $500 or more a year. And Chegg has already saved students more than $170 million dollars.

11. Every time a student rents or sells a book with Chegg, it plants a tree. So far, over 4,000 acres of forest exist thanks to students using Chegg's services.

12. The CHEGG trademark and trade name represents a clever combination of the words "chicken" and "egg" in reference to the age old riddle – which came first, the chicken or the egg. This chicken-egg dilemma harkens to the decision many college students have to face – which comes first, paying rent or buying textbooks.

13. Chegg's current logo is a baby chick hatching from an egg. The chick's feet have already punched through the shell and its beak is just starting to break through. This hatchling logo uses *inter alia* the color white for the egg from which a baby chick has started to hatch, gray for a shading effect, and orange for the beak and feet of the hatching chick.

14. Chegg's trade dress includes its website which uses *inter alia* the colors red, orange, white, green, brown, blue and gray, in various shades. Chegg's website further uses the color blue to represent hyperlinks available on its website.

15. Chegg owns U.S. Trademark Registration Nos. 3,191,844 and 3,749,771 for CHEGG and its hatchling logo. These registrations are valid, in force and effect, and constitute evidence of Chegg's exclusive right to use these trademarks for the related goods and services, including without limitation operating an on-line marketplace featuring textbooks and textbook rental services. These registrations are incorporated herein by reference.

16. Specifically, on February 16, 2010 the United States Patent and Trademark Office approved Chegg's hatchling logo without any citation to or claim of likelihood of confusion with the NEWEGG Marks or Newegg's trade dress.

17. Indeed, the United States Patent and Trademark Office did not cite any other applications or registrations for egg logos against Chegg's hatchling logo. Nor did Newegg attempt to oppose the application or registration of Chegg's hatchling logo, presumably because they understood there could be no likelihood of confusion, dilution or unfair competition between the hatchling logo (or the CHEGG trademark and trade name and Chegg's trade dress) and the NEWEGG Marks or Newegg's trade dress.

18. Through its use, Chegg also owns common law trademark rights in the CHEGG trademark and trade name, Chegg's hatchling logo and Chegg's trade dress for all the goods and services and activities associated therewith.

## NEWEGG'S BUSINESS AND MARKS

19. On information and belief, Newegg offers high-tech and expensive products such as computers and computer accessories to the general public.

20. On information and belief, Newegg does not and has not offered textbooks for sale.

21. On information and belief, Newegg does not and has not offered textbooks for rent.

22. On information and belief, Newegg does not and has not offered any goods or services for rent.

23. On information and belief, Newegg understands an egg to mean unlimited potential.

---
Chegg's Counterclaims Against Newegg Complaint     3     Case No. CV 10-1907-GHK (FFMx)

24. On information and belief, Newegg only uses its egg logo in connection with its alleged trademark and trade name NEWEGG.

25. On information and belief, Newegg's egg logo, does not include a hatching chicken, a beak, feet, or any cracks in the shell.

26. On information and belief, Newegg's egg logo always consists of three eggs.

27. Newegg's egg logo offers the commercial impression of three concentric circles in alternating colors.

28. Newegg's alleged use of the color orange for its eggs is similar to the natural brown color of chicken eggs.

29. On information and belief, Newegg claims that it has the exclusive right to use the color white to represent an egg.

30. On information and belief, Newegg claims that it has the exclusive right to use the color brown to represent an egg.

31. On information and belief, Newegg claims that it has the exclusive right to use the color orange to represent an egg.

32. On information and belief, Newegg claims that it has the exclusive right to use gray shading in an egg logo.

33. On information and belief, Newegg claims that it has the exclusive right to use and employ an egg logo to reference an egg for online and e-commerce goods or services.

34. Newegg's use of the colors white, brown and gray shading to represent the natural colors and depictions of an egg is generic and not a protectable trademark.

35. Newegg's use of the colors white, orange and gray shading to represent the natural colors and depictions of an egg is generic and not a protectable trademark.

36. Newegg does not own the exclusive right to use and employ an egg logo for any and all marks for any and all goods or services.

37. Newegg does not own the exclusive right to use and employ the colors white, orange and gray shading to represent the natural colors and depictions of an egg in an egg logo for any and all marks for any and all goods or services.

38. Newegg does not own the exclusive right to use and employ the colors white, brown and gray shading to represent the natural colors and depictions of an egg in an egg logo for any and all marks for any and all goods or services.

39. Newegg does not own the exclusive right to use and employ an egg logo for online and e-commerce goods or services

40. Newegg does not own the exclusive right to use and employ the colors white, orange and gray shading to represent the natural colors and depictions of an egg in an egg logo for online and e-commerce goods or services.

41. Newegg does not own the exclusive right to use and employ the colors white, brown and gray shading to represent the natural colors and depictions of an egg in an egg logo for online and e-commerce goods or services.

42. By way of example, the United States Patent and Trademark Office has examined applications and issued registrations for the following representative marks (among others) for egg logos notwithstanding Newegg's registrations and use:

| Mark | Application/ Registration No. |
|---|---|
| h tch Sprouting Educators Developing Young Minds | Reg. No. 3,618,574 |
| EggZack.com Egg | Reg. No. 3,632,270 |
| | Reg. No. 3,658,053 |

| Mark | Application/Registration No. |
|---|---|
| (egg logo with cross) | Reg. No. 3,741,810 |
| (HATCHING INTERNET INCUB.) | Reg. No. 3,660,609 |
| (PSHBP egg logo) | Reg. No. 3,611,286 |
| the hatchery | Reg. No. 3,523,244 |
| hatch | Appln. No. 77/794,273 |

43. On information and belief, Newegg uses the three letters E, G, and G to reference an egg.

44. On information and belief, Newegg is pronounced with two syllables. The first syllable emphasizes the word "new" and the second syllable emphasizes the word "egg."

45. On information and belief, Newegg claims that it has the exclusive right to use the three letters E, G and G, to reference an egg.

46. On information and belief, Newegg claims that it has the exclusive right to use the three letters E, G and G, to reference an egg for online and e-commerce goods or services.

47. On information and belief, Newegg is not affiliated with and does not own www.new.egg.com or www.egg.com.

48. On information and belief, www.new.egg.com and www.egg.com provide online and e-commerce goods and services.

49. Newegg's use of the three letters E, G and G, to reference an egg is generic and not a protectable trademark.

50. Newegg does not own the exclusive right to use and employ the three letters E, G and G, to reference an egg for any and all goods or services.

51. Newegg does not own the exclusive right to use and employ the three letters E, G and G, to reference an egg for online and e-commerce goods or services.

52. By way of example, the United States Patent and Trademark Office has examined applications and issued registrations for the following representative marks (among others) which use the three letters E, G and G, to reference an egg, notwithstanding Newegg's registrations and use:

| Mark | Application/ Registration No. |
|---|---|
| EGG | Reg. No. 2,783,462 |
| EGG.COM | Reg. No. 2,892,136 |
| VIDEOEGG | Reg. No. 3,605,224 |
| THE EGG NETWORK | Reg. No. 3,385,937 |
| EGGFIRST | Reg. No. 3,563,606 |
| good egg DESIGN | Reg. No. 3,527,116 |
| THE EGG FACTORY, LLC | Reg. No. 2,377,571 |
| E-STAR EGG | Appln. No. 77/337,959 |

Chegg's Counterclaims Against Newegg Complaint          7          Case No. CV 10-1907-GHK (FFMx)

| Mark | Application/ Registration No. |
|---|---|
| THE EGG | Appln. No. 77,188,510 |

53. Specifically, United States Patent and Trademark Office granted Registration Nos. 2,783,462 and 2,892,136 for EGG and EGG.COM for *inter alia* "computer programming," "computer rental" and "implementing and maintaining websites and web pages."

54. Moreover, Registration Nos. 2,783,462 and 2,892,136 for EGG and EGG.COM have respective priority dates of April 27, 1998 and August 25, 1998. On information and belief, each of these priority dates are before the establishment of Newegg or any claimed first use of the NEWEGG Marks or Newegg's trade dress.

55. On information and belief Newegg uses the color white for the negative or empty space on its website.

56. On information and belief Newegg uses the color blue for hyperlinks on its website.

57. On information and belief, Newegg claims that it has the exclusive right to use the colors orange, white and blue on a website.

58. Newegg's use of the colors orange, white and blue on its website www.newegg.com is generic and not a protectable trade dress.

59. Newegg does not own the exclusive right to use and employ the colors orange, white and blue on a website.

60. Newegg does not own the exclusive right to use and employ the colors orange, white and blue on a website for online and e-commerce goods or services.

61. By way of example, numerous other online retailers such as Amazon.com or textbook providers use the colors orange, white and blue on their website, including the following:

www.amazon.com

1  www.frys.com

2  www.half.com

3  www.bigwords.com

4  www.efollett.com

5  www.textbooks.com

6  www.textbooksrus.com

7  www.campusbookrental.com

8  www.bookrental.com

62. On information and belief the NEWEGG Marks and Newegg's trade dress are not famous or well-known for any and all goods or services.

63. On information and belief the NEWEGG Marks and Newegg's trade dress are not famous or well-known for online and e-commerce goods or services.

64. Newegg's use of the aforementioned generic and non-distinctive trademarks and trade dress renders Newegg's alleged rights in the NEWEGG Marks or Newegg's trade dress invalid and/or unenforceable for failure to comply with one or more of the requirements of registration, trademark or trade dress protection as set forth by the United States Patent Office, Federal Law and/or the State of California, including without limitation genericness and failure to demonstrate secondary meaning.

65. Moreover, the multitude of marks using an egg logo, or the three letters E, G and G, to reference an egg, including for online and e-commerce goods or services, demonstrates that Newegg's alleged rights in the NEWEGG Marks or Newegg's trade dress are at best weak and limited.

66. Likewise, the numerous websites using the colors orange, white and blue, including for online and e-commerce goods or services, reinforce a finding that Newegg's alleged rights in the NEWEGG Marks or Newegg's trade dress are at best weak and limited.

67. Newegg's alleged rights in the NEWEGG Marks or Newegg's trade dress are further weakened by the consumer perception of Newegg's goods and services. For example, on information and belief, numerous Newegg consumers have complained about Newegg's goods

Chegg's Counterclaims Against Newegg Complaint     9     Case No. CV 10-1907-GHK (FFMx)

and services, including for example articles such as "NewEgg.com is soft on Credit Card Fraud" and "Some Newegg Customers Received Fake Intel Core i7s."

## CHEGG'S USE OF THE CHEGG TRADEMARK AND TRADE NAME, CHEGG'S HATCHLING LOGO AND CHEGG'S TRADE DRESS ARE LAWFUL

68. The CHEGG trademark and trade name, Chegg's hatchling logo and Chegg's trade dress have been used and continue to be used by Chegg among the relevant purchasing public and consumers to identify the source of origin of Chegg's high-quality goods and services, and further, to distinguish such high-quality goods and services from those offered by others.

69. Chegg is not aware of any actual or potential confusion between their trademarks, trade names and trade dress and the NEWEGG Marks and trade dress. And the innumerable differences between *inter alia* Chegg's and Newegg's trademarks, trade names and trade dress, including without limitation the differences in their: (i) colors and the various shades of those colors; (ii) sounds; (iii) commercial impressions; (iv) the goods and services; (v) types of consumers; and (vi) the channels of trade prevent any likelihood of confusion, dilution or unfair competition.

70. To the extent that consumers perceive eggs to be a component of the NEWEGG Marks, they would only expect to see them as a backdrop to Newegg's company name and as nothing more than three ordinary looking eggs assembled in a row, rather than a large cracking egg shell from which a baby chick is about to hatch. The trademarks, therefore, create vastly different commercial impressions and it is inconceivable that consumers would assume that there is a relationship between Chegg and Newegg based on the use of these radically different logos.

71. Chegg's use of the CHEGG trademark and trade name, Chegg's hatchling logo and Chegg's trade dress on and in connection with Chegg's goods and services, including its textbook rental services are lawful and do not violate any of Newegg's alleged rights in the NEWEGG Marks or Newegg's trade dress.

///
///
///

Chegg's Counterclaims Against Newegg Complaint     10     Case No. CV 10-1907-GHK (FFMx)

# FIRST COUNTERCLAIM

## DECLARATORY JUDGMENT THAT CHEGG'S USE OF THE CHEGG TRADEMARK AND TRADE NAME, CHEGG'S HATCHLING LOGO AND CHEGG'S TRADE DRESS ARE LAWFUL WITH RESPECT TO NEWEGG

72. Chegg realleges and incorporates each and every averment set forth in paragraphs 1 through 71 of these Counterclaims as if full set forth and restated herein.

73. Newegg asserts in this action that Chegg's use of the CHEGG trademark and trade name, Chegg's hatchling logo and Chegg's trade dress on and in connection with Chegg's goods and services, including its textbook rental services infringes Newegg's alleged rights and constitutes trademark dilution and unfair competition.

74. There is no likelihood of confusion between Chegg's use of the CHEGG trademark and trade name, Chegg's hatchling logo and Chegg's trade dress on and in connection with Chegg's goods and services, including its textbook rental services and Newegg's alleged rights in the NEWEGG Marks or Newegg's trade dress.

75. There is no likelihood that any relevant consumers would be confused, mistaken or deceived into believing that Chegg is affiliated, connected or otherwise associated with Newegg, or that Newegg is sponsoring or has otherwise approved of Chegg's goods and services, including its textbook rental services as a result of Chegg's use of the CHEGG trademark and trade name, Chegg's hatchling logo or Chegg's trade dress.

76. The NEWEGG Marks and Newegg's trade dress are not famous and Chegg's use of the CHEGG trademark and trade name, Chegg's hatchling logo and Chegg's trade dress on and in connection with Chegg's goods and services, including its textbook rental services has not and will not result in the dilution of Newegg's alleged rights in the NEWEGG Marks or Newegg's trade dress.

77. Chegg's use of the CHEGG trademark and trade name, Chegg's hatchling logo and Chegg's trade dress on and in connection with Chegg's goods and services, including its textbook rental services are lawful and do not violate any of Newegg's alleged rights in the NEWEGG Marks or Newegg's trade dress.

78. There now exists between Chegg and Newegg an actual, substantial, and continuing justiciable controversy with respect to:

   (a) Newegg's allegations and threats that Chegg's use of the CHEGG trademark and trade name, Chegg's hatchling logo and Chegg's trade dress on and in connection with Chegg's goods and services, including its textbook rental services infringes Newegg's alleged rights in the NEWEGG Marks or Newegg's trade dress.

   (b) Newegg's allegations that the NEWEGG Marks and Newegg's trade dress are famous and that Chegg has diluted the alleged distinctive quality of Newegg's alleged rights in the NEWEGG Marks or Newegg's trade dress.

   (c) Newegg's allegations that Chegg has somehow committed acts of unfair competition.

79. Chegg is entitled to a declaratory judgment that under the Federal Trademark Act, California Business and Professions Code §14200 *et seq.* and §17200 and the common law of the State of California, Chegg's advertising, marketing, offer for sale, sale, and provision of its goods and services, including its textbook rental services does not: (i) infringe Newegg's alleged rights in the NEWEGG Marks or Newegg's trade dress; (ii) dilute Newegg's alleged rights in the NEWEGG Marks or Newegg's trade dress; or (iii) constitute unfair competition.

80. Chegg is entitled to a declaratory judgment that there is no likelihood of confusion between Chegg's use of the CHEGG trademark and trade name, Chegg's hatchling logo and Chegg's trade dress on and in connection with Chegg's goods and services, including its textbook rental services and Newegg's alleged rights in the NEWEGG Marks or Newegg's trade dress.

81. Chegg is entitled to a declaratory judgment that there is no likelihood that any relevant consumers would be confused, mistaken or deceived into believing that Chegg is affiliated, connected or otherwise associated with Newegg, or that Newegg is sponsoring or has otherwise approved of Chegg's goods and services, including its textbook rental services.

82. Chegg is entitled to a declaratory judgment that the NEWEGG Marks and Newegg's trade dress are not famous and that Chegg's use of the CHEGG trademark and trade

name, Chegg's hatchling logo and Chegg's trade dress on and in connection with Chegg's goods and services, including its textbook rental services will not result in the unlawful dilution of Newegg's alleged rights in the NEWEGG Marks or Newegg's trade dress.

83. Chegg is entitled to a declaratory judgment that Chegg's use of the CHEGG trademark and trade name, Chegg's hatchling logo and Chegg's trade dress on and in connection with Chegg's goods and services, including its textbook rental services are lawful and do not violate any of Newegg's alleged rights in the NEWEGG Marks or Newegg's trade dress.

## SECOND COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY AS TO THE NEWEGG MARKS AND NEWEGG'S TRADE DRESS

84. Chegg realleges and incorporates each and every averment set forth in paragraphs 1 through 83 of these Counterclaims as if full set forth and restated herein.

85. Newegg asserts in this action that Chegg is infringing the NEWEGG Marks and/or Newegg's trade dress.

86. Newegg asserts in this action that Chegg is diluting the NEWEGG Marks and/or Newegg's trade dress.

87. Newegg asserts in this action that Chegg is engaging in unfair competition in relation to the NEWEGG Marks and/or Newegg's trade dress.

88. The NEWEGG Marks are invalid and unenforceable for failure to comply with one or more of the requirements of registration or trademark protection as set forth by the United States Patent Office, Federal Law and/or the State of California, including without limitation genericness and failure to demonstrate secondary meaning.

89. Newegg's trade dress is invalid and unenforceable for failure to comply with one or more of the requirements of registration or trade dress protection as set forth by the United States Patent Office, Federal Law and/or the State of California, including without limitation genericness and failure to demonstrate secondary meaning.

90. There now exists between Chegg and Newegg an actual, substantial, and continuing justiciable controversy regarding the validity of the NEWEGG Marks and Newegg's trade dress.

91. Chegg is entitled to a declaratory judgment that the NEWEGG Marks and Newegg trade dress are invalid and unenforceable

**PRAYER FOR RELIEF**

WHEREFORE, Chegg, respectfully requests that the Court enter judgment:

A. Declaring that Chegg's advertising, marketing, offer for sale, sale, and provision of its goods and services, including its textbook rental services under or in connection with the CHEGG trademark and trade name, Chegg's hatchling logo and Chegg's trade dress do not constitute infringement or dilution of any of Newegg's alleged rights in the NEWEGG Marks or Newegg's trade dress and, further, do not constitute unfair competition or violation of California Business and Professions Code §14200 *et seq.* and §17200 and the common law of the State of California;

B. Declaring that there is no likelihood of confusion between Chegg's use of the CHEGG trademark and trade name, Chegg's hatchling logo and Chegg's trade dress on and in connection with Chegg's goods and services, including its textbook rental services and Newegg's alleged rights in the NEWEGG Marks or Newegg's trade dress.

C. Declaring that there is no likelihood that any relevant consumers would be confused, mistaken or deceived into believing that Chegg is affiliated, connected or otherwise associated with Newegg, or that Newegg is sponsoring or has otherwise approved of Chegg's goods and services, including its textbook rental services.

D. Declaring that the NEWEGG Marks and Newegg's trade dress are not famous and that Chegg's use of the CHEGG trademark and trade name, Chegg's hatchling logo and Chegg's trade dress on and in connection with Chegg's goods and services, including its textbook rental services will not result in the unlawful dilution of Newegg's alleged rights in the NEWEGG Marks or Newegg's trade dress.

E.  Declaring that Chegg's use of the CHEGG trademark and trade name, Chegg's hatchling logo and Chegg's trade dress on and in connection with Chegg's goods and services, including its textbook rental services are lawful and do not violate any of Newegg's alleged rights in the NEWEGG Marks or Newegg's trade dress;

F.  Declaring that the NEWEGG Marks are invalid and unenforceable for failing to comply with one or more of the requirements of registration or trademark protection as set forth by the United States Patent Office, Federal Law and/or the State of California,

G.  Declaring that Newegg's trade dress is invalid and unenforceable for failing to comply with one or more of the requirements of registration or trade dress protection as set forth by the United States Patent Office, Federal Law and/or the State of California,

H   Ordering Newegg to compensate Chegg for Chegg's costs and attorneys' fees incurred in connection with this action; and

I.  Granting Chegg such other and further relief as the Court finds just and proper under the circumstances.

Dated:   April 14, 2010

FENWICK & WEST LLP

By: /s/ Ilana Rubel
Ilana S. Rubel

Ilana S. Rubel (CSB NO. 221517)
irubel@fenwick.com
Eric Ball (CSB NO. 241327)
eball@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:   (650) 988-8500
Facsimile:   (650) 938-5200

ATTORNEYS FOR DEFENDANT
CHEGG INC.

**DEMAND FOR JURY TRIAL**

Counterclaimant Chegg Inc. hereby requests a trial by jury.

Dated: April 14, 2010

FENWICK & WEST LLP

By: /s/ Ilana Rubel
Ilana S. Rubel

Ilana S. Rubel (CSB NO. 221517)
irubel@fenwick.com
Eric Ball (CSB NO. 241327)
eball@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

ATTORNEYS FOR DEFENDANT
CHEGG INC.