1  YURI MIKULKA (SBN 185926)
    *ymikulka@ztllp.com*
2  LAURA D. CASTNER (SBN 172362)
    *lcastner@ztllp.com*
3  ZUBER & TAILLIEU LLP
    10866 Wilshire Boulevard, Suite 300
4  Los Angeles, California 90024
    Telephone: (310) 807-9700
5  Facsimile: (310) 807-9701

6  Attorneys for Plaintiff and Counter-Defendant NEWEGG INC.

7

8              UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 NEWEGG INC., a Delaware Corporation,           CASE NO. CV10-1907-GHK (FFMx)

12         Plaintiff,                             **COUNTER-DEFENDANT
                                                  NEWEGG INC.'S ANSWER TO
13    v.                                          COUNTERCLAIM OF CHEGG
                                                  INC.**
14 CHEGG INC., a Delaware Corporation;
   and DOES 1-10, inclusive,
15
           Defendants.
16

17

18 ─────────────────────────────

19 CHEGG INC., a Delaware Corporation,

20         Counterclaimant,

21    v.

22 NEWEGG INC., a Delaware Corporation,

23
           Counter-Defendant.
24

25 ─────────────────────────────

26

27

28

Counter-defendant NEWEGG INC. ("Newegg"), for its Answer to the Counterclaim of CHEGG INC. ("Chegg"), responds as follows:

## NATURE OF ACTION AND RELIEF SOUGHT

1. Newegg denies each and every allegation contained in Paragraph 1 of the Counterclaim, except that Newegg admits that Chegg has asserted the referenced claim for declaratory judgment and that Newegg has asserted rights to its "NEWEGG" service mark (Registration No. 3,383,264), "NEWEGG MALL" service mark and logo (Registration Nos. 3,473,139 and 3,592,385 ), egg logo (as reflected in Registration No. 2,892,236) (collectively, the "NEWEGG Marks"), and trade dress.

## PARTIES

2. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Counterclaim and on that basis denies each and every allegation contained therein.

3. Newegg admits the allegations of Paragraph 3 of the Counterclaim.

## JURISDICTION AND VENUE

4. Newegg neither admits nor denies the allegations contained in Paragraph 4 of the Counterclaim because those allegations are conclusions of law to which no response is required; to the extent those allegations may be deemed allegations of facts, Newegg is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies each of them.

5. Newegg admits the allegations contained in Paragraph 5 of the Counterclaim.

6. Newegg neither admits nor denies the allegations contained in Paragraph 6 of the Counterclaim because those allegations are conclusions of law to

1312-1004 / 126830.1

2

ANSWER TO COUNTERCLAIM

which no response is required; to the extent those allegations may be deemed allegations of facts, Newegg is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies each of them.

7. Newegg neither admits nor denies the allegations contained in Paragraph 7 of the Counterclaim because those allegations are conclusions of law to which no response is required; to the extent those allegations may be deemed allegations of facts, Newegg is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies each of them, except admits that Newegg does business, and is subject to personal jurisdiction, in this judicial district.

## **CHEGG'S BUSINESS AND TRADEMARKS, TRADENAME AND TRADE DRESS**

8. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Counterclaim and on that basis denies each and every allegation contained therein.

9. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Counterclaim and on that basis denies each and every allegation contained therein.

10. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Counterclaim and on that basis denies each and every allegation contained therein.

11. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Counterclaim and on that basis denies each and every allegation contained therein.

12. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Counterclaim and on that basis denies each and every allegation contained therein.

13. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Counterclaim and on that basis denies each and every allegation contained therein.

14. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Counterclaim and on that basis denies each and every allegation contained therein.

15. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Counterclaim and on that basis denies each and every allegation contained therein, except admits that Chegg has asserted alleged rights in certain trademark registrations and that the trademark registrations speak for themselves.

16. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Counterclaim and on that basis denies each and every allegation contained therein, except admits that Chegg has asserted on February 16, 2010, the United States Patent and Trademark Office approved of Chegg's hatchling egg logo.

17. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Counterclaim and on that basis denies each and every allegation contained therein, except admits that Newegg has not filed an opposition to the application or registration of Chegg's hatchling logo and that Newegg has asserted rights in the NEWEGG Marks and Newegg trade dress.

18. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Counterclaim and on that basis denies each and every allegation contained therein.

## NEWEGG'S BUSINESS AND MARKS

19. Newegg denies each and every allegation contained in Paragraph 19 of the Counterclaim, except admits that Newegg offers *inter alia* high-tech products; that Newegg offers *inter alia* products such as computers and computer accessories; and that Newegg offers its products *inter alia* to the general public.

20. Newegg denies each and every allegation contained in Paragraph 20 of the Counterclaim.

21. Newegg denies each and every allegation contained in Paragraph 21 of the Counterclaim, except admits that Newegg does not and has not offered textbooks for rent.

22. Newegg denies each and every allegation contained in Paragraph 22 of the Counterclaim, except admits that Newegg does not and has not offered any goods or services for rent.

23. Newegg denies each and every allegation contained in Paragraph 23 of the Counterclaim, except admits that Newegg uses an egg *inter alia* to mean unlimited potential.

24. Newegg denies each and every allegation contained in Paragraph 24 of the Counterclaim.

25. Newegg denies each and every allegation contained in Paragraph 25 of the Counterclaim, except admits that Newegg's egg logo does not include a hatching chicken, a beak, feet or cracks in the shell.

26. Newegg denies each and every allegation contained in Paragraph 26 of the Counterclaim, except admits that Newegg's egg logo has always consisted of three eggs.

27. Newegg denies each and every allegation contained in Paragraph 27 of the Counterclaim, except admits that Newegg's egg logo uses alternating colors.

28. Newegg denies each and every allegation contained in Paragraph 28 of the Counterclaim, except admits that Newegg uses *inter alia* the color orange for its egg logo.

29. Newegg denies each and every allegation contained in Paragraph 29 of the Counterclaim, except admits that Newegg uses *inter alia* the color white for an egg logo.

30. Newegg denies each and every allegation contained in Paragraph 30 of the Counterclaim.

31. Newegg denies each and every allegation contained in Paragraph 31 of the Counterclaim, except admits that Newegg uses *inter alia* the color orange for an egg (in its egg logo).

32. Newegg denies each and every allegation contained in Paragraph 32 of the Counterclaim, except admits that Newegg uses *inter alia* the color gray for shading in an egg logo.

33. Newegg denies each and every allegation contained in Paragraph 33 of the Counterclaim, except admits that Newegg uses and employs an egg logo for online and e-commerce goods and services.

34. Newegg denies each and every allegation contained in Paragraph 34 of the Counterclaim, except admits that Newegg uses the color white and gray shading in its depiction of an egg in its logo. Newegg specifically denies that its use of the colors is generic and not a protectable trademark.

35. Newegg denies each and every allegation contained in Paragraph 35 of the Counterclaim, except admits that Newegg uses the colors white and orange and gray shading in its depiction of an egg in its logo. Newegg specifically denies that its use of the colors is generic and not a protectable trademark.

36. Newegg denies each and every allegation contained in Paragraph 36 of the Counterclaim, except admits that Newegg uses and employs an egg logo for its

marks, that Newegg uses an egg logo for its goods, and that Newegg uses an egg logo for its goods and services.

37. Newegg denies each and every allegation contained in Paragraph 37 of the Counterclaim, except admits that Newegg uses and employs the colors white and orange and gray shading in its depiction of an egg in an egg logo for its marks for goods and services.

38. Newegg denies each and every allegation contained in Paragraph 38 of the Counterclaim, except admits that Newegg uses and employs the color white and gray shading to depict an egg in an egg logo for its marks for goods and services.

39. Newegg denies each and every allegation contained in Paragraph 39 of the Counterclaim, except admits that Newegg uses and employs an egg logo for online and e-commerce goods and services.

40. Newegg denies each and every allegation contained in Paragraph 40 of the Counterclaim, except admits that Newegg uses and employs the colors white and orange and gray shading to depict an egg in an egg logo for online and e-commerce goods and services.

41. Newegg denies each and every allegation contained in Paragraph 41 of the Counterclaim, except admits that Newegg uses and employs the color white and gray shading to depict an egg in an egg logo for online and e-commerce goods and services.

42. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Counterclaim and on that basis denies each and every allegation contained therein.

43. Newegg denies each and every allegation contained in Paragraph 43 of the Counterclaim, except admits that Newegg uses the three letters E, G, and G in construction of the word NEWEGG.

44. Newegg admits the allegations contained in Paragraph 44 of the Counterclaim.

45. Newegg denies each and every allegation contained in Paragraph 45 of the Counterclaim, except admits that Newegg uses the three letters E, G, and G in construction of the word NEWEGG.

46. Newegg denies each and every allegation contained in Paragraph 46 of the Counterclaim, except admits that Newegg uses the three letters E, G, and G as part of its marks for online and e-commerce goods and services.

47. Newegg admits the allegations contained in Paragraph 47 of the Counterclaim.

48. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Counterclaim and on that basis denies each and every allegation contained therein.

49. Newegg denies each and every allegation contained in Paragraph 49 of the Counterclaim, except admits that Newegg uses the three letters E, G, and G in construction of the word NEWEGG. Newegg specifically denies that its use of the letters E, G, and G is generic and not part of a protectable trademark.

50. Newegg denies each and every allegation contained in Paragraph 50 of the Counterclaim, except admits that Newegg uses and employs the letters E, G, and G in construction of the word NEWEGG for goods and services.

51. Newegg denies each and every allegation contained in Paragraph 51 of the Counterclaim, except admits that Newegg uses and employs the letter E, G, and G in construction of the word NEWEGG for online and e-commerce goods and services.

52. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Counterclaim and on that basis denies each and every allegation contained therein.

53. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Counterclaim and on that basis denies each and every allegation contained therein.

54. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Counterclaim and on that basis denies each and every allegation contained therein.

55. Newegg denies each and every allegation contained in Paragraph 55 of the Counterclaim, except admits that Newegg uses *inter alia* the color white on its website.

56. Newegg denies each and every allegation contained in Paragraph 56 of the Counterclaim, except admits that Newegg uses *inter alia* the color blue on its website.

57. Newegg denies each and every allegation contained in Paragraph 57 of the Counterclaim, except admits that Newegg uses the colors orange, white and blue on its website.

58. Newegg denies each and every allegation contained in Paragraph 58 of the Counterclaim, except admits that Newegg uses the colors orange, white and blue on its website www.newegg.com. Newegg specifically denies that its use is generic and not a protectable trade dress.

59. Newegg denies each and every allegation contained in Paragraph 59 of the Counterclaim, except admits that it uses and employs the colors orange, white and blue on a website.

60. Newegg denies each and every allegation contained in Paragraph 60 of the Counterclaim, except admits that Newegg uses and employs the colors orange, white and blue on a website for online and e-commerce goods or services.

61. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Counterclaim and on that basis denies each and every allegation contained therein.

62. Newegg denies each and every allegation contained in Paragraph 62 of the Counterclaim.

63. Newegg denies each and every allegation contained in Paragraph 63 of the Counterclaim.

64. Newegg denies each and every allegation contained in Paragraph 64 of the Counterclaim. Newegg specifically denies that its trademarks and trade dress are generic and lack secondary meaning.

65. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Counterclaim and on that basis denies each and every allegation contained therein.

66. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Counterclaim and on that basis denies each and every allegation contained therein.

67. Newegg denies each and every allegation contained in Paragraph 67 of the Counterclaim.

## CHEGG'S USE OF THE CHEGG TRADEMARK AND TRADE NAME, CHEGG'S HATCHLING LOGO AND CHEGG'S TRADE DRESS

68. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Counterclaim and on that basis denies each and every allegation contained therein.

69. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Counterclaim and on that basis denies each and every allegation contained therein.

70. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Counterclaim and on that basis denies each and every allegation contained therein.

71. Newegg denies every allegation contained in Paragraph 71 of the Counterclaim, except admits that Newegg has, and has asserted, rights in the NEWEGG Marks and Newegg trade dress.

## FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT THAT CHEGG'S USE OF THE CHEGG TRADEMARK AND TRADE NAME, CHEGG'S HATCHLING LOGO AND CHEGG'S TRADE DRESS ARE LAWFUL WITH RESPECT TO NEWEGG

72. Newegg admits that Chegg purports to reallege and incorporate by reference into Paragraph 72 of the Counterclaim, the allegations set forth in paragraph 1 through 71 of the Counterclaim, and Newegg realleges and reincorporates by reference its responses thereto.

73. Newegg is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Counterclaim, and on that basis denies each and every allegation contained therein, except admits that Newegg has, and has asserted, rights in certain trademark registrations, trademarks, and trade dress.

74. Newegg denies each and every allegation in Paragraph 74 of the Counterclaim, except admits that Newegg has asserted rights in the NEWEGG Marks and Newegg trade dress.

75. Newegg denies each and every allegation contained in Paragraph 75 of the Counterclaim.

76. Newegg denies each and every allegation contained in Paragraph 76 of the Counterclaim, except admits that Newegg has, and has asserted, rights in the NEWEGG Marks and Newegg trade dress. Newegg specifically denies that the NEWEGG Marks and Newegg trade dress are not famous.

77. Newegg denies each and every allegation contained in Paragraph 77 of the Counterclaim, except admits that Newegg has, and has asserted, rights in the NEWEGG Marks and Newegg trade dress.

78. Newegg denies each and every allegation contained in Paragraph 78 of the Counterclaim, except admits that the referenced controversies now exist, and that Newegg has asserted rights in the NEWEGG Marks and Newegg trade dress.

79. Newegg denies each and every allegation contained in Paragraph 79 of the Counterclaim, except admits that Newegg has, and has asserted, rights in the NEWEGG Marks and Newegg trade dress.

80. Newegg denies each and every allegation contained in Paragraph 80 of the Counterclaim, except admits that Newegg has, and has asserted, rights in the NEWEGG Marks and Newegg trade dress.

81. Newegg denies each and every allegation contained in Paragraph 81 of the Counterclaim.

82. Newegg denies each and every allegation contained in Paragraph 82 of the Counterclaim, except admits that Newegg has, and has asserted, rights in the NEWEGG Marks and Newegg trade dress. Newegg specifically denies that the NEWEGG Marks and trade dress are not famous.

83. Newegg denies each and every allegation contained in Paragraph 83 of the Counterclaim, except admits that Newegg has, and has asserted, rights in the NEWEGG Marks and Newegg trade dress.

## SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY AS TO THE NEWEGG MARKS AND NEWEGG TRADE DRESS

84. Newegg admits that Chegg purports to reallege and incorporate by reference into Paragraph 84 of the Counterclaim, the allegations set forth in

paragraph 1 through 83 of the Counterclaim, and Newegg realleges and reincorporates by reference its responses thereto.

85. Newegg admits that it is asserting in this action that Chegg is infringing the NEWEGG Marks and Newegg trade dress.

86. Newegg admits that it is asserting in this action that Chegg is diluting the NEWEGG Marks and Newegg trade dress.

87. Newegg admits that it is asserting in this action that Chegg is engaging in unfair competition in relation to the NEWEGG Marks and Newegg trade dress.

88. Newegg denies each and every allegation contained in Paragraph 88 of the Counterclaim.

89. Newegg denies each and every allegation contained in Paragraph 89 of the Counterclaim.

90. Newegg denies each and every allegation contained in Paragraph 90 of the Counterclaim, except admits that the referenced controversies now exist, and that Newegg has, and has asserted, rights in the NEWEGG Marks and Newegg trade dress.

91. Newegg denies each and every allegation contained in Paragraph 91 of the Counterclaim.

## PRAYER FOR RELIEF

Newegg denies that Chegg is entitled to any relief requested, or any other relief.

## GENERAL DENIAL EXCEPT FOR EXPRESS ADMISSIONS

All allegations in the Counterclaim, whether explicit or implicit and including allegations contained in headings, that require an answer are denied to the extent that those allegations are not expressly and specifically admitted herein.

## CURRENT KNOWLEDGE AND INFORMATION

These responses are based on the knowledge and information currently available to Newegg, and Newegg reserves the right to amend these answers based on facts later discovered, pled, or offered.

## DEFENSES AND AFFIRMATIVE DEFENSES

In further response to the Counterclaim, and as defenses and affirmative defenses thereto, Newegg alleges as follows:

### Failure to State a Claim Upon Which Relief May Be Granted

92. Chegg's Counterclaim fails to allege sufficient facts to state a claim upon which relief may be granted.

### Estoppel

93. Chegg's Counterclaim, and each and every allegation thereof, is barred by the doctrine of unclean hands.

### Waiver

94. Chegg's Counterclaim, and each and every allegation thereof, is barred by the doctrine of waiver.

### Laches

95. Chegg's Counterclaim, and each and every allegation thereof, is barred by the doctrine of laches.

### Unclean Hands

96. Chegg's Counterclaim, and each and every allegation thereof, is barred by the doctrine of unclean hands.

**Fraud**

97. Chegg's Counterclaim, and each and every allegation thereof, is barred by negligent and/or intentional misrepresentations made by Chegg.

The above defenses and affirmative defenses are based on the facts and information currently known to Newegg. Newegg reserves the right to amend or add defenses or affirmative defenses based on facts later discovered, pled, or offered.

Dated: May 4, 2010

Respectfully submitted:

**ZUBER & TAILLIEU LLP**
YURI MIKULKA
LAURA D. CASTNER

By: *[signature]*
Attorneys for Plaintiff and Counter-defendant NEWEGG INC.

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 10866 Wilshire Boulevard, Suite 300, Los Angeles, California 90024.

On May 4, 2010, I served true copies of the following document(s) described as **COUNTER-DEFENDANT NEWEGG INC.'S ANSWER TO COUNTERCLAIM OF CHEGG, INC.** on the interested parties in this action as follows:

James J.S. Holmes
Jennifer A. Burtness
Robert F. Helfing
**Sedgwick, Detert, Moran & Arnold LLP**
801 South Figueroa Street
19th Floor
Los Angeles, CA. 90017
*Attorneys for Defendants and Counterclaimant*

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Zuber & Taillieu LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 4, 2010, at Los Angeles, California.

Jaz'min Quary