ILANA S. RUBEL (CSB NO. 221517)
irubel@fenwick.com
ERIC BALL (CSB NO. 241327)
eball@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:   (650) 988-8500
Facsimile:    (650) 938-5200

Attorneys for Defendant and
Counterclaimant CHEGG INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| NEWEGG INC., a Delaware Corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>CHEGG INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>            Defendant. | Case No. CV 10-1907-GHK (FFMx)<br><br>Assigned to Judge George H. King<br><br>**CORRECTED [~~PROPOSED~~] ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER**<br><br>**Note Changes Made by the Court.** |
| CHEGG INC., a Delaware Corporation,<br><br>            Counterclaimant,<br><br>      v.<br><br>NEWEGG INC., a Delaware Corporation,<br><br>            Counter-defendant. | |

Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds that there is a need to protect the parties from disclosure of trade secrets or other confidential research, development, or commercial information that would not be made available to the parties in this action but for the special needs of this litigation. Therefore, in order to expedite the flow of discovery material, facilitate prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the Court's authority and with the consent of the parties,

IT IS HEREBY ORDERED THAT:

**1.   DEFINITIONS**

(a)   "Party" means any of the parties to this action, including officers and directors of such parties.

(b)   "Counsel" means counsel of record for any Party, any Party's in-house counsel, and those attorneys' staff, or outside vendors (such as copy services, trial graphics providers, and jury consultants) whose duties and responsibilities in the conduct of this action require access to Protected Material.

(c)   "Discovery Material" means:

(i)   any information, document, tangible thing, or response to discovery requests pursuant to Fed. R. Civ. P. 26, 31, 33, 34 or 36;

(ii)   any deposition testimony or transcript pursuant to Fed. R. Civ. P. 30 or 31;

(iii)   any document, thing, or premises made available for inspection or produced to the Receiving Party pursuant to Fed. R. Civ. P. 26, 33, or 34;

    (iv) any document, thing, or premises made available for inspection or produced to the Receiving Party in response to a subpoena pursuant to Fed. R. Civ. P. 45; and

    (v) any other document or information exchanged or disclosed formally or informally in this action.

  (d) "Producing Party" means a party to this action, including all directors, employees, and agents (other than Counsel) of the party, or any third party that produces or otherwise makes Discovery Material available to a Receiving Party.

  (e) "Receiving Party" means a party to this action, including all employees, agents, and directors (other than Counsel) of the party, that receives Discovery Material from a Producing Party.

  (f) "CONFIDENTIAL" means any Discovery Material that the Producing Party reasonably believes embodies: (i) commercially sensitive, competitive, or other confidential business information; (ii) information invasive of an individual's legitimate privacy interests; (iii) other sensitive material that the Producing Party does not customarily disclose to the public and that has not been made public; or (iv) third-party documents or information that the third party currently maintains as CONFIDENTIAL and is seeking to maintain as CONFIDENTIAL for purposes of this action.

  (g) "CONFIDENTIAL – ATTORNEYS' EYES ONLY" means CONFIDENTIAL information that the Producing Party reasonably believes is so sensitive or confidential that in order to protect the reasonable interests of the Producing Party in maintaining the confidentiality of such information, the disclosure of such information must be limited to the persons to whom CONFIDENTIAL – ATTORNEYS' EYES ONLY information may be disclosed pursuant to this Protective Order. Such information may include, but is not limited

to: (i) non-public sales, marketing, manufacturing, or customer-specific information (bids, pricing, costs, delivery, and/or scheduling), product development strategies or tactics, or strategy tactics being considered, discussed, or proposed; (ii) manufacturing or other costs of doing business; (iii) product architecture or designs, manufacturing processes, software products, or software for modeling, simulating, testing, creating, or designing non-software products; (iv) the numeric quantification of the Producing Party's sales, revenues, prices, expenses, profits, earnings, or market shares; (v) product testing; (vi) current product or services strategies; (vii) future product or services strategies; (viii) documents and/or oral testimony disclosing any future, proposed, or hypothesized marketing, sales, product development, or manufacturing tactic or strategy; (ix) pending patent applications or patent disclosures for patents belonging to a Party; and (x) joint development agreements, joint ventures, and strategic alliances.

(h) "Protected Material" means any Discovery Material that is designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with paragraphs 2(a) and 2(b) below, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records embodying or disclosing the contents of such Discovery Material.

**2. DESIGNATION OF PROTECTED MATERIAL**

(a) Any Discovery Material produced or given in this action that is asserted by the Producing Party to contain or constitute CONFIDENTIAL information shall be so designated by the Producing Party. Each such Discovery Material, including every page (where reasonable) of every document or transcript and any electronic media containing CONFIDENTIAL information, shall be marked on its face with the following legend:

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

If the Receiving Party intends to show non-CONFIDENTIAL portions of a document, transcript, or electronic media containing CONFIDENTIAL information to a person or Party not described below in paragraph 3(a), it shall first redact all pages designated CONFIDENTIAL.

(b)     Any Discovery Material produced or given in this action that is asserted by the Producing Party to contain or constitute CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be so designated by the Producing Party.  Each such Discovery Material, including every page (where reasonable) of every document or transcript and any electronic media containing CONFIDENTIAL –ATTORNEYS' EYES ONLY information, shall be marked on its face with the following legend:

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

If the Receiving Party intends to show non-CONFIDENTIAL – ATTORNEYS' EYES ONLY portions of a document, transcript, or electronic media containing CONFIDENTIAL – ATTORNEYS' EYES ONLY information to a person or Party not described below in paragraph 3(b), it shall first redact all pages designated CONFIDENTIAL – ATTORNEYS' EYES ONLY.

(c)     All deposition testimony taken in this action will be deemed CONFIDENTIAL – ATTORNEYS' EYES ONLY for a period of thirty (30) days from receipt of the final transcript.  Counsel for the Producing Party shall designate and mark which portions of the transcript should be designated CONFIDENTIAL – ATTORNEYS' EYES ONLY, CONFIDENTIAL or non-CONFIDENTIAL by the end of the thirty (30) day period, subject to paragraph 6(f).

(d)     When a Party produces files and records for inspection, no marking need be made by the Producing Party in advance of the inspection.  For purposes of the initial inspection, all documents within the produced files shall be considered marked as CONFIDENTIAL – ATTORNEYS' EYES ONLY.

1  Thereafter, upon selection of specified documents for copying by the inspecting
2  Party, the Producing Party shall mark the copies of such documents, if necessary,
3  with the appropriate confidentiality marking at the time that the copies are produced
4  to the inspecting Party.

5  **3.    ACCESS TO PROTECTED MATERIAL**

6        (a)    Subject to paragraphs 3(d), 3(e) and 3(f), in the absence of an
7  order of the Court, any CONFIDENTIAL information produced in accordance with
8  the provisions of paragraph 2(a) above shall be used solely for purposes of the
9  prosecution and defense of this action and shall not be disclosed to or discussed
10 with any person other than:  (i) Counsel for the Receiving Party; (ii) the Receiving
11 Party, if the Receiving Party is an individual, (iii) if the Receiving Party is not an
12 individual, employees of the Receiving Party or those hired by Receiving Party
13 whose review of such information the Receiving Party reasonably believes is
14 required for the conduct of this action; (iv) outside experts or consultants who are
15 engaged for the purpose of this action by the Receiving Party and such experts' or
16 consultants' staff, subject to paragraph 3(d); (v) the individual(s) who authored,
17 prepared, or received the information; (vi)  certified court reporters taking
18 testimony involving such CONFIDENTIAL information; (vii) the Court (including
19 any trier of fact) in connection with the proceedings in this action.

20       (b)    Subject to paragraphs 3(d), 3(e) and 3(f), in the absence of an
21 order of the Court, any CONFIDENTIAL – ATTORNEYS' EYES ONLY
22 information produced in accordance with the provisions of paragraph 2(b) above
23 shall be used solely for purposes of the prosecution and defense of this action and
24 shall not be disclosed to or discussed with any person other than:  (i) Counsel for
25 the Receiving Party; (ii) outside experts or consultants who are engaged for the
26 purpose of this action by the Receiving Party and such experts' or consultants'
27 staff, subject to paragraph 3(d); (iii) the individual(s) who authored, prepared, or
28 received the information; (iv)  certified court reporters taking testimony involving

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

such CONFIDENTIAL – ATTORNEYS' EYES ONLY information and their support personnel; and (v) the Court (including any trier of fact) in connection with the proceedings in this action.

      (c)    Custody of Protected Material. All documents containing information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY and notes or other records regarding that information shall be maintained in the custody of Counsel for the Parties, and no partial or complete copies thereof containing Protected Material shall be retained by anyone else, except that outside experts and consultants may retain documents on a temporary basis for purposes of study, analysis, and preparation of the case. A person with custody of Protected Material shall maintain it in a manner that limits access to persons authorized pursuant to paragraph 3(a) or 3(b) to have access to Protected Material.

      (d)    Outside Experts and Consultants. Subject to the provisions of this Protective Order, all Protected Material may be disclosed to any outside expert or consultant who has agreed to be bound by the terms of this Protective Order by signing an Acknowledgement form attached as Exhibit A.

      (e)    Acknowledgment of Protective Order. Before obtaining access to any Protected Material covered by this Protective Order, any person who is authorized to have access to Protected Material pursuant to paragraph 3(a)(ii), 3(a)(iii), 3(a)(iv), or 3(b)(ii) of this Protective Order must have agreed in writing to be bound by the terms of this Protective Order by signing an Acknowledgement form attached as Exhibit A. All such signed Acknowledgment forms, except for those Acknowledgment forms signed by outside experts and consultants pursuant to paragraph 3(c), shall be given to the other Party at the final resolution of this matter. Acknowledgment forms signed by outside experts and consultants pursuant to paragraph 3(c) shall be kept by the Party in possession and must be furnished in the event of a breach or challenge.

      (f)    Disclosure Pursuant to Consent. Protected Material also may be disclosed to anyone so authorized by prior written consent of the designating Party or non-Party, and no Party is restricted in any way by this Protective Order in disclosing its own Protected Material.

      (g)    Disclosure of Confidential Transcripts to the Deponent. Deposition transcripts containing Protected Material may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript unless (s)he has agreed in writing to be bound by the terms of this Protective Order by signing an Acknowledgement form attached as Exhibit A.

      (h)    If a document designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY refers to the conduct or affairs of a potential witness, the Parties' Counsel may discuss such conduct or affairs with the witness, but must do so without revealing that such document exists, its author, or its source, unless the witness is otherwise authorized under this Protective Order to have access to such document.

      (i)    The limitations on disclosure contained in this Protective Order shall not apply to documents or information that (i) Receiving Party can prove were in the possession of the Receiving Party before disclosure by the Producing Party without a restriction from any Party to this action; or (ii) are or become published or available in a manner that is not in violation of this Protective Order.

**4.    DISCLOSURE TO EXPERTS OR CONSULTANTS**

In addition to the foregoing, at least five business days prior to making the first disclosure of Protected Material to any expert or consultant, the Party making such disclosure shall provide the Producing Party with a copy of the Acknowledgment form signed by the individual and provide written notice:

      (a)    Disclosing the identity of the expert or consultant;

      (b)    Identifying the present employer of the expert or consultant; and

      (c)    Providing a resume or curriculum vitae, including the cases in

1  which he or she has testified as an expert at trial or by deposition in the preceding
2  four years.
3        The disclosure of information regarding consultants or experts under this
4  Order shall not constitute a waiver of attorney-work product or privilege, and shall
5  not replace or modify the procedures provided under Fed. R. Civ. Proc. 26(a)(2) or
6  this Court's Scheduling Order.  Additionally, the Parties stipulate that experts and
7  consultants are not required to disclose or produce, and the Parties shall not conduct
8  discovery concerning or seek to introduce evidence of: (1) communications
9  between the Parties' counsel and experts, or (2) drafts of expert declarations or
10 reports.
11       Any Party may object to a disclosure to an expert or consultant within five
12 business days after receipt of the copy of the signed Acknowledgment form and
13 written notice set forth herein, by stating specifically in writing the reasons why the
14 Party believes such person should not receive the Protected Material.
15       In the event of an objection, no disclosure of Protected Material shall be
16 made to the expert or consultant for a period of eight business days following the
17 receipt of the objection.  The Party objecting to the disclosure to the expert or
18 consultant and the Party wishing to disclose such Protected Material to the expert or
19 consultant shall make good faith efforts to resolve the dispute within five business
20 days following the receipt of the objection.  If no such resolution is obtainable, the
21 objecting Party may move the Court, by motion, pursuant to Local Rule 37-1 of the
22 U.S. District Court for the Central District of California, for an order that disclosure
23 not be made to such expert or consultant or that the disclosure be made only upon
24 certain conditions.  The moving Party shall have the burden of establishing that
25 good cause exists for such an order, and shall seek to have the matter heard at the
26 earliest possible date.  If a notice of motion is not received within three business
27 days following the parties meet and confer, the Protected Material may be disclosed
28 to such expert or consultant for the purposes of and upon the conditions herein

1  stated.  If such a motion is made, there shall be no disclosure to such expert or
2  consultant until the Court has ruled upon the motion, and then only in accordance
3  with the ruling so made.

4  **5.   COURT PROCEDURES**

5  If a document containing CONFIDENTIAL or CONFIDENTIAL –
6  ATTORNEYS' EYES ONLY information is ~~filed~~ **submitted for filing (FFM)** with
7  the Court, it shall be ~~filed~~ **lodged along with an application for filing (FFM)**
8  under seal in compliance with Local Rule 79-5.1 of the U.S. District Court for the
9  Central District of California and Section V of General Order 08-02 of the Central
10 District of California (revised February 7, 2008).

11 Any papers containing Protected Material shall indicate clearly what portions
12 are designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES
13 ONLY.  Upon request of the disclosing Party, the Court shall return the originals of
14 all CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY
15 documentation, provided that such request is made within thirty (30) days of the
16 final disposition of this case.

17 Nothing in this Protective Order shall be deemed to alter or otherwise amend
18 the Parties' obligation to follow the procedures set forth in Federal Rules of Civil
19 Procedure, the Local Rules of the U.S. District Court for the Central District of
20 California or any Order by this Court.  To the extent there is any conflict between
21 the obligations set forth in this Protective Order – which the parties do not believe
22 is the case – the Federal Rules of Civil Procedure, the Local Rules of the U.S.
23 District Court for the Central District of California and any Order by this Court
24 shall control.

25 **6.   HANDLING OF PROTECTED MATERIAL**

26 (a)   Nothing herein shall restrict a person authorized to have access
27 pursuant to paragraph 3(a) or 3(b) from making working copies, abstracts, digests,
28 and/or analyses of Protected Information for use in connection with this action.

CORRECTED [PROPOSED] ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER    10    CASE NO. CV 10-1907-GHK (FFMx)

1  Such working copies, abstracts, digests, and analyses shall be deemed to have the
2  same level of protection as the original Protected Material under the terms of this
3  Protective Order.  Further, nothing herein shall restrict an authorized recipient from
4  converting or translating such information into machine-readable form for
5  incorporation in a data retrieval system used in connection with this action,
6  provided that access to such information, in whatever form stored or reproduced,
7  shall be limited to authorized recipients.
8           (b)    If a Party through inadvertence produces any CONFIDENTIAL
9  or CONFIDENTIAL – ATTORNEYS' EYES ONLY document or thing without
10  labeling, marking, or otherwise designating it as such in accordance with the
11  provisions of this Protective Order, the Producing Party may give written notice to
12  the Receiving Party that the document or thing produced is deemed
13  CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY and should
14  be treated as such in accordance with the provisions of this Protective Order.  The
15  Receiving Party must treat such document or thing with the noticed level of
16  protection from the date such notice is received.  Promptly upon providing such
17  notice to the Receiving Party, the Producing Party shall provide the Receiving Party
18  with another copy of the document or thing that bears the new confidentiality
19  designation under this Protective Order, at which time the Receiving Party shall
20  either destroy or return the originally produced document or thing to the Producing
21  Party at the option of the Producing Party.  The Receiving Party's disclosure, prior
22  to the receipt of notice from the Producing Party of a new designation, to persons
23  not authorized by paragraph 3(a) or 3(b) to have access to such information
24  pursuant to the subsequent designation shall not be deemed a violation of this
25  Protective Order.  However, the Receiving Party shall make a good faith effort
26  promptly to retrieve such document or thing from such persons not authorized to
27  receive such information and to obtain agreement from the person to whom the
28  disclosure was made to be bound by this Protective Order.  The Receiving Party

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

shall timely notify the Producing Party of the disclosure and the identity of the person or entity to whom the disclosure was made.

(c)  In accordance with Fed. R. Civ. Proc. 26(b)(5)(B), if a Producing Party inadvertently produces a document that otherwise is not discoverable for reasons of the attorney-client privilege or work product immunity or both, such inadvertent production shall not constitute any waiver of attorney-client privilege or work product immunity and all copies of such inadvertently produced documents shall promptly be returned by the Receiving Party to the Producing Party upon demand.

(d)  A Party or present employee of a Party may be examined and may testify concerning all CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY information produced by that Party, provided that the present employee of the Party is authorized by the Party to have access to the CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY information produced by that Party.

(e)  A former employee of a Party, a current or former consultant of a Party, and non-Parties may be examined and may testify concerning any document containing CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information of a Producing Party that clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by, or communicated to the employee, consultant or non-Party.

(f)  If no confidentiality designation of deposition testimony is made at the time of the deposition, any transcript containing CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be designated as containing such information by no later than thirty (30) calendar days after the date of such deposition.  Otherwise, such transcript shall not be deemed Protected Material.

## 7. PROCEDURE TO CHALLENGE DESIGNATIONS

This Protective Order shall not prevent any Party from moving the Court for an order that information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY by a Producing Party is not, in fact, CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information.  Prior to so moving, the Party seeking to reclassify the information shall seek the Producing Party's agreement.  The Producing Party shall have ten (10) court days to respond to such request.  In any motion, the Producing Party shall have the burden of establishing before the Court the need for classification as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY.

No Party shall be obligated to challenge the appropriateness of any confidentiality designation, or confidential information by another Party or person, and the failure to do so shall not constitute a waiver or otherwise preclude a challenge to the designation in another or subsequent matter or action.

## 8. NO PROBATIVE VALUE

This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Protected Material.  The fact that information is marked with a confidentiality designation under the Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary or a trade secret.  The fact that any information is disclosed, used, or produced in any court proceeding in this action with a confidentiality designation shall not be offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

## 9. RIGHT TO FURTHER RELIEF

Nothing in this Protective Order shall abridge the right of any person to seek judicial modification or amendment of this Protective Order.

**10. RIGHT TO ASSERT OTHER OBJECTIONS**

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material.

**11. FINAL DISPOSITION**

Within ninety (90) calendar days after final termination of this action, each Party shall assemble all documents and things furnished and designated by any other Party or non-Party as containing CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information, and all copies, summaries, and abstracts thereof, and shall either (a) return the documents and things to the Producing Party, or (b) destroy the documents and things; provided, however, that the attorneys of record for each Party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence, work product, transcripts and exhibits thereto, and attorney-client communications that include or are derived from Protected Material. If a Party elects to destroy the documents, a Certificate of Destruction shall be served on all attorneys of record within ninety (90) calendar days of final termination of this action.

**12. SURVIVAL OF OBLIGATIONS**

The obligations created by this Protective Order shall survive the termination of this action unless otherwise modified by the Court. The Court shall retain jurisdiction, even after termination of this action, to enforce this Protective Order and to make such amendments and modifications to this Protective Order as may be appropriate.

/ / /

/ / /

/ / /

/ / /

**Nothing herein shall be construed as relieving anyone receiving confidential or confidential AEO information from complying with a validly issued subpoena or other court process or order. (FFM)**

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

IT IS SO ORDERED.

Date: August 27, 2010

_____       _____            \_\_\_/S/ FREDERICK F. MUMM
                                        The Honorable Frederick F. Mumm
                                        United States Magistrate Judge

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

# APPENDIX A

# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

*Newegg Inc. v. Chegg Inc.;*
*Chegg Inc. v. Newegg Inc.*

U.S. District Court for the Central District of California, Los Angeles Division
Civil Action No. CV 10-1907-GHK (FFMx)

  I, _____, declare under penalty of perjury under the laws of the United States and the State of California that I have read and understand in its entirety the Protective Order in the above-referenced lawsuit, and agree to adhere and to be bound by its terms.  I understand that any unauthorized disclosure of confidential information constitutes a violation of this Court's Protective Order, for which I may be held in contempt of court.  I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the Protective Order.

_____
(Name)

Date: _____